Dewey, J.
During the March term, 1841, of the Fountain Circuit Court, and on the 18th day of March, Crocker made his affidavit, setting forth that, on the 16th day of that month, “ during the sitting of the Court,” he was arrested by the sheriff upon a capias ad respondendum issued from that Court in favour of Duncan, and that he was then (on the 18th), held in custody by virtue of the arrest; that he was defendant in a cause in which one Putnam was plaintiff, then pending in Court, and he wished then (on the 18th), to attend to said cause. He further deposed, that he had on that day, while attending to his cause with Putnam, been arrested by virture of a writ of ne exeat in favour of Duncan ; wherefore, he moved the Court to discharge him from the custody of the sheriff. The motion was overruled.
A party to a suit is privileged from arrest on civil process, while going to, attending, and returning from Court; and if his privilege be violated, he is entitled to be discharged from custody by habeas corpus, or upon motion, before the Court whence the process issued. R. S., 1838, pp. 467, 8.(1) But avc do not think the affidavit discloses enough to bring Crocker within the ju’ovisions of the statute, as respects the first arrest. He states, indeed, that he Avas arrested during the sitting of the Court, but he does not show at what place, or that the arrest took place while he was attending, going to, or returning from Court.- This Avas necessary to entitle him to tho privilege granted by the statute. He says, that íavo days after *298 lie w;is arrested he wished to attend to his business in Court, but that is not enough. The affidavit may be sufficient to entitle him to a discharge from custody under the ne exeat, for he shows he was arrested on that, while attending to his business in Court. But the motion was to discharge him entirely from custody. It was properly overruled, on account of the insufficiency of the affidavit as to the first arrest.
W. M. Jenners and R. A. Chandler, for the plaintiff.
R. C. Gregory, for the defendant.
Per Curiam.—The judgment is affirmed with costs.

 But a party thus privileged from arrest, may be served with process on which no bail is required; and though he may be discharged from '^custody wiien arrested on a capias ad respondendum, the suit should not he dismissed; the case remains as if the process had been a summons and no bail required. Where a capias, containing an ac etiam clause for a malicious prosecution, had been served on the defendant, who was privileged from arrest as a suitor, he was required, not to give bail, but to indorse his appearance or be committed. He indorsed his appearance, and afterwards moved the Court to vacate the same. Savage, C. J. The defendant, as a suitor, was undoubtedly privileged from arrest; but here was not an arrest; for though the capias contained an ae eiitrn clause, bail was not demanded. Had bail been required, all the relief the party would have been entitled to, would have been to be discharged on filing common bail. The indorsing of an appearance is equivalent to filing common bail. No more was therefore asked of the defendant, than this Court would have required, on application to them, had he been compelled to give bail when the capias was served. Hopkins ads. Coburn, 1 Wend., 292.