Humphrey
v.
Cumming.

HUMPHREY *vs.* CUMMING, gent., one, &c.

*A counsellor* actually attending court for the purpose of making a special motion, if arrested on a *ca. sa.* during his attendance, will be discharged from the arrest.

The application for the discharge is *ex parte ;* notice need not be given to the attorney of the party suing out the execution.

The rights of the party suing out the execution are in no respect prejudiced by the discharge ; after the privilege ceases, the same writ may be served, or a new execution may be issued.

MOTION to vacate a rule discharging the defendant from an arrest on a *ca. sa.*

August 19th.     *By the Court,* SUTHERLAND, J. This is a motion that the rule entered on the 6th of August last, discharging the defendant from arrest upon a *ca. sa.* issued in this cause, be vacated, and that the sheriff of Albany county be authorized to retake the defendant upon the same *ca. sa.,* or if he cannot be arrested thereon, that the plaintiff have leave, after the return day thereof, to issue a new execution either against the person or property of the defendant.

The defendant was properly discharged from arrest. It was shewn that he was actually attending court for the purpose of making a non-enumerated motion, and that his personal attendance was deemed necessary to the interest of his client.

The case of *Secor v. Bell,* 18 *Johns. R.* 52, shows that it is the established practice of the court to discharge an attorney or counsellor from arrest upon a *ca. sa.* under such circumstances, and that a judge at *nisi prius* has the same authority. The plaintiff's rights are in no respect prejudiced by the discharge. The defendant, after his privilege has terminated, may be retaken upon the same writ, or a new execution may be issued, according as the circumstances of the case may require. The parties stand precisely in the same situation as though the defendant had never been arrested.

The application for a discharge is necessarily a summary one. If notice were required to be given, the privilege would be of no value either to the attorney or his client. The rule

discharging the defendant from arrest having been properly granted, and the plaintiff having the right to retake the defendant upon the same execution, or to issue a new execution at his option, this application was entirely unnecessary, and must be denied with costs.