## WETHERILL v. SEITZINGER.

### April 30, 1836.

*Motion to quash the writ of summons.*

A suitor in the court of another county, who comes into this county to attend to the taking of a deposition in the suit pending in that court, in pursuance of its rules, is privileged from the service of a *summons* upon him issued out of this court.

Notwithstanding, if upon attending at the time and place appointed for the purpose, such suitor, having had a *bona fide* intention to cause such deposition to be taken, should determine not to have it taken, such determination is not a waiver of the privilege.

THIS was a summons issued on the 19th of August 1835, and served on the defendant the same day, in the city of Philadelphia. The present motion was, on behalf of the defendant, made on the return day, that the process be quashed upon the ground of the defendant's privilege as a suitor attending the taking of depositions in this city, under a rule of court in a cause between the same parties in the court of common pleas of Schuylkill county.

The facts were these, viz. :

In the common pleas of Schuylkill county there had been pending, since 1832, an action, at the suit of J. W. Seitzinger the defendant in this action, against S. W. Wetherill the plaintiff in this action. After *narr.* and plea filed, the case was under reference. The arbitrators met at Pottsville, in Schuylkill county. On the 31st of July 1835, a rule was entered *ex parte* the plaintiff, to take the depositions

(*a*)   See Evans *v.* Frey, 3 *Watts* 208, published after this decision was made.

of witnesses on ten days' notice. On the 4th of August 1835, notice was served upon Wetherill that depositions would be taken under this rule at an alderman's office, in Philadelphia, on the 15th of August 1835, between eleven o'clock A. M. and five P. M, "to be continued by adjournments, if necessary, until the same shall have been completed." On the 15th of August 1835, at eleven o'clock A. M., Wetherill and his counsel attended at the place appointed, with Seitzinger's counsel. Seitzinger himself not being present, the taking of depositions was, by consent, continued by adjournment until the 19th of August 1835, at eleven o'clock A. M., for the express purpose of giving Seitzinger an opportunity of being present. Seitzinger was a resident of Berks county. On the 18th of August 1835, he left Reading, in that county, for Philadelphia, for the purpose of attending, on the following day, at the alderman's office in Philadelphia, under the above appointment. He arrived in Philadelphia, and on the 19th of August, at eleven o'clock A. M., attended, with his counsel, at the place appointed. The witness to be examined was already there, in attendance, when Seitzinger and his counsel arrived. Wetherill and his counsel not having arrived, Seitzinger's counsel prepared the caption and formal commencement of the witness's deposition, and was awaiting the arrival of Wetherill and his counsel. In reply to a question then casually put to the witness, he produced and exhibited two papers, upon the subject of which he had been called to testify. The object of taking his testimony had been to prove the transaction mentioned in those papers, and Wetherill's agency in respect to them. On the production of them, it appeared that they were both in the handwriting of Wetherill himself. This led to a suggestion, on the part of Seitzinger's counsel, that the taking of the depositions might be dispensed with, if the two papers could be delivered to Seitzinger or his counsel. Hereupon a consultation took place between Seitzinger and two of his counsel, after which the witness was asked if he would deliver up the papers. He consented to give them to Seitzinger's counsel, who thereupon stated that the taking of the deposition would not be proceeded with. Seitzinger's counsel immediately called at the office of Wetherill's counsel, where he found Wetherill but not the counsel. He desired Wetherill to tell his counsel that the taking of depositions would not be proceeded with, and to state to him the reason. This was nearly half an hour after the time which had been appointed for taking them at the alderman's. Wetherill remained in his counsel's office

[Wetherill v. Seitzinger.]

until his counsel's return, which took place in a few minutes. He then told his counsel that Seitzinger's counsel had been there, and had stated that no depositions would be taken. On the same day, between one and two o'clock, Wetherill's counsel prepared the *præcipe* for the summons in the present case, which was issued, and service of it was made by the sheriff before dinner time of the same day. In the course of the same afternoon or evening, Seitzinger left Philadelphia on his return home, and was back again in Reading on the 20th, less than forty-eight hours after the time of his first setting out from Reading for Philadelphia.

Seitzinger had been advised, more than four months previously, by one of his counsel in Philadelphia, to obtain the testimony of the above mentioned witness, to be used in the cause in Schuylkill county; and had, during that interval, been advised to the same effect by the counsel who was his attorney on the record in the said action in Schuylkill county. Through another of his counsel in Philadelphia, he had made an unsuccessful endeavour to obtain the personal attendance of said witness before the arbitrators at Pottsville. The witness had objected to going to Pottsville, and had begged that his deposition might be taken in Philadelphia. In consequence of this, it had been determined to take the deposition in Philadelphia. In going to Philadelphia to attend at the time and place appointed for taking it, Seitzinger had acted under the direction of counsel

In the alderman's office, the change of determination, and decision not to proceed with taking the deposition were also the measure of counsel. The intention to take the deposition continued to exist until after the time appointed for taking it, and after the attendance of the witness, and of *Seitzinger* and his counsel, at the alderman's office for the purpose of taking it.

*Cadwalader*, for the rule.

Witnesses can be compelled to depose before a magistrate. Act of the 26th of February 1831, *Pamph. L.* 92, 93; *Andrews's Rep.* 275. Pleas of privilege are to the jurisdiction. 1 *Ch. Pl.* 429; 5 *Mod. Rep.* 335; 12 *Mod. Rep.* 123, 124. Persons privileged are regarded as not within the jurisdiction of the court issuing the last process. Bolton *v.* Martin, 1 *Dall.* 296. There is no difference between the case of summons and arrest, as to privilege, and the leading principle of the decisions is in favour of this application. *Lord Hard. Rep.* 91;

Hayes *v.* Shields, 2 *Yeates* 222 ; Miles *v.* M'Cullough, 1 *Binn.* 77 ; 3 *Doug.* 45 ; 2 *Rolle's Ab.,* B., *pl.* 3, 4 ; *Rast. Ent.* 479, B, *pl.* 26 ; *Br. Priv., pl.* 45 ; Lightfoot *v.* Cameron, 2 *W. Bl. Rep.* 1113 ; Meeker *v.* Smith, 2 *H. Bl.* 626 ; 1 *Maule & Selw.* 638 ; United States *v.* Eddings, 9 *Serg. & Rawle* 150 ; 5 *Eng. C. L. R.* 271 ; 2 *Rolle's Ab.* 721.

*Randall, contra.*

The defendant declined taking the deposition of the witness, and thus waived his privilege to be served with summons if he had any. This is the privilege of the court of Schuylkill county, and not of the party. 2 *W. Bl.* 1190 ; 3 *Hen. & Munf.* 267. *Summons* is not within the privilege. 1 *Peters's C. C. R.* 41 ; 3 *Mass. Rep.* 288 ; 11 *Mass. Rep.* 11 ; 2 *Johnson's Rep.* 294 ; 7 *Johns. Rep.* 538 ; 5 *Co. Litt.* 27 ; 1 *Russ. & My.* 19 ; 4 *Eng. Cha.* 308. The English cases refer to *arrest* only. 4 *D. & E.* 378 ; 8 *D. & E.* 534 ; 1 *Camp.* 229 ; 3 *East* 89 ; 11 *East* 439 ; 1 *Maule & Selw.* 638 ; 6 *Eng. C. L. Rep.* 471.

The opinion of the Court was delivered by

STROUD, J.—There is no doubt that the defendant's attendance in this city, with the view of being present with his counsel at the taking of the deposition of a witness under the rule entered for that purpose in the cause pending in Schuylkill county entitled him to the privileges of a suitor, notwithstanding the cause was at that time under arbitration. In England, and perhaps in all our sister states, this privilege would not protect him from the service of a summons. This question was examined with much care by Judge Washington in Blight *v.* Fisher, *Peters's C. C. Rep.* 41, and held not to extend beyond an exemption from *arrest.* But with us the privilege comprehends a *summons* also. Hays *v.* Shields, 2 *Yeates* 222 ; Miles *v.* M'Cullough, 1 *Binney* 77.

Although this latter point was contested in some degree by the counsel against the rule, yet he relied mainly upon the ground that the defendant, by declining to take the deposition of the witness, waived the protection of his privilege. No decision to this effect or bearing any analogy in principle, was cited for this position. And we are unable to discover any good reason for it. It is not denied that the defendant came to the city with the *bona fide* intention of taking the deposition; and the reason assigned for not taking it, is a

[Wetherill v. Seitzinger.]

sufficient justification for his change of purpose. If a cause were on trial, and the parties saw fit to compromise it, each, according to the argument of the plaintiff's counsel, would lose, in an instant, the privilege of a suitor. It might be doubted whether suffering a *non suit* would not operate in this way against the plaintiff, while the case would be plain in regard to a defendant who should pay the whole debt for which he was sued, when the jury were called into the box.

 Rule absolute.(*a*)

(*a*) The case of Hobart *v.* Wetherill and Seitzinger, was determined the same day, under similar circumstances, and the process was quashed.