## KINSMAN v. REINEX.

### April 7, 1838.

*Rule to show cause why the capias ad respondendum should not be quashed.*

1. Where a person is a suitor in one court, and while so, is served with process issued by another, the general practice is, that the party must apply to the court in which he is the suitor, to be discharged from the process issued by the other.

2. Either court may, however, discharge the party and give him the benefit of his privilege.

3. But the court, from which the process issues, will not exercise the power of discharging the party, except under special circumstances.

THIS was a *capias ad respondendum*, issued on the fourth day of April, 1838, on which, the defendant on the same day was arrested. The defendant resided in Boston, and on the 30th of March, 1838, came to this city. The fifth day of April, 1838, had been fixed by the court of Common Pleas, of this county, for the hearing of applicants for the benefit of the insolvent laws of this commonwealth. The defendant obtained this rule to show cause, on affidavit filed, alleging that he came to this city for the purpose of opposing the discharge of a brother of the plaintiff, who was his debtor, and whose application for such discharge was pending in the Common Pleas, and by the order of that court to be heard on the day mentioned. The defendant claimed to be discharged from the arrest, by reason of his privilege as a suitor or party interested in opposing such discharge.

*Meredith*, for plaintiff.
*J. R. Ingersoll*, contra.

PER CURIAM.—The power to discharge suitors and witnesses, is necessarily inherent in every court, and though the court from which the process issues, may discharge, it will not exercise that power, except under special circumstances, as in a case where a

[Kinsman v. Reinex.]

suitor in *another county*, comes into this county to attend the taking of a deposition of a witness, under a rule of the court where the suit is pending.   Wetherill *v.* Zeitzinger, 1 *Miles* 237. But in ordinary cases, the court, on whom the contempt has been committed, is the most suitable forum, and the practice is generally to apply there for redress.   United States *v.* Edme, 9 *S. & R.* 149.   This practice we recognise as being the most convenient, especially where the two courts are in the same county or district, because the court in which the party claims to have been a suitor, at the time of the service of the process, has the best means of judging of the truth of the matter, on which he claims a privilege.   This application must be refused.

PETTIT, *President*, absent from indisposition.

Rule discharged.