## PALMER *v.* TRIPP'S ADM'R.

In an action against the endorser of a note, where demand and notice are not averred, but where it is averred that the maker paid the endorser the value of the note, and that the endorser agreed to pay it, the maker of the note is not a competent witness to prove those facts.

APPEAL from the Superior Court of the City of San Francisco.

The error assigned appears in the opinion of the Court.

*C. Temple Emmett* for Appellant.

The interest of Mowry W. Smith, the maker of the note, is direct to effect a recovery in this action.    Shiras *v.* Morris, 8 Cowen, 60 ; Shaw *v.* Davis, 5 Cal., 466 ; O'Connor *c.* Hammond, Jan. T. 1856, Sup. C. Cal. ; 1 Phillips' Ev., 110 ; Backus *v.* Wilson, 6 Cowen, 471 ; Conrad *v.* Keyser, 5 Sergt. & R., 371.

*J. S. Glover* for Respondent.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

The defendants' testator is charged in the declaration as the endorser of a promissory note.    There is no averment of demand and notice.    In order however to remove the necessity of demand and notice, it is averred that the endorser received from the maker of the note a conveyance of a large amount of property, greater in value than the amount of the note, and upon the express stipulation that he should pay the note.  To prove this averment, the maker of the note is called as a witness, and admitted to testify against the objection of the defendant.

It now is insisted that he is a competent witness, that his interest is equally balanced.    This is evidently a mistaken position.    Ordinarily the maker is a good witness against the endorser, because he is liable at all events, either to the holder, or if the endorser pays the holder, then to the endorser.    But here the case is not of that ordinary class.    No demand was made on the maker, and notice given to the endorser; so that the latter is not liable except upon the state of facts shewn in the declaration, which directly charges that the maker has already paid the endorser, and the latter has undertaken to pay the note.    If the holder can recover at all, it must be upon proof of these facts ; the result of such a recovery is to have conclusive record evidence of the facts alleged which would necessarily bar the endorser from a recovery against the maker.    For when in a suit of this kind, it is shewn that the maker has paid the endorser, and that upon this fact alone the recovery depended, it is conclusive against the parties to the suit, and the maker could not be compelled to pay again.

The interest of Mowry W. Smith was therefore distinct and palpable, and he should have been excluded.

For this reason the judgment is reversed, and the cause remanded.