## Case No. 7,768.

### In re KIMBALL.

[2 Ben. 554; [1] 2 N. B. R. 204 (Quarto, 74).]

District Court, S. D. New York. Nov., 1868.[2]

BANKRUPTCY — ARREST UNDER STATE PROCESS — APPLICATION FOR DISCHARGE FROM ARREST—FIDUCIARY DEBT.

1. Where K., who had been adjudicated a bankrupt. was afterward arrested on a warrant issued out of a state court, on an affidavit stating that goods had been sent to him to sell on commission. which he had sold, and the proceeds of which he had failed to pay over on demand, and application was made to the bankruptcy court to discharge him from such arrest: *Held*, that the bankruptcy court, in determining the question whether the arrest of a bankrupt is founded on a debt or claim from which his discharge would not release him, as provided by the 26th section of the bankruptcy act [of 1867 (14 Stat. 529)], can look only at the papers which were before the state court, as the foundation of the arrest.

[Cited in Re Valk, Case No. 16,814; Re Alsberg, Id. 261.]

[Cited in Lemcke v. Booth. 47 Mo. 387.]

2. The bankruptcy court could. therefore. look only at the affidavits on which the order of arrest was granted in the state court, and not at the complaint in the action in that court, which was not then before it.

3. On that affidavit the claim against the bankrupt was a debt created by the defalcation of the bankrupt, while acting in a fiduciary capacity. and he was not entitled to be discharged from the arrest.

[Disapproved in Grover & Baker S. M. Co. v. Clinton. Case No. 5,845. Cited, but not followed. in Keime v. Graff. Case No. 7,650; Re Smith. Id. 12,976; Zeperink v. Card. 11 Fed. 296; Hennequin v. Clews, 111 U. S. 680. 4 Sup. Ct. 578.]

[Cited in Cronan v. Cotting. 104 Mass. 247.]

This was an application to discharge the bankrupt [John H. Kimball] from arrest. He filed his voluntary petition in bankruptcy in this court on the 21st of May, 1868, and was adjudicated a bankrupt on the 26th of May. On or about the 5th of June following. he was arrested on an order of arrest. made on that day by the supreme court of New York, in a civil action brought against him in that court, by James Beaty and others. The order of arrest. and consequently the arrest itself, were founded on an affidavit setting forth that on the 23d of December. 1867. the plaintiffs in the action sent from Erwin. Steuben county, New York, to the bankrupt at New York. 21,250

---

[3] [From 1 N. B. R. 193.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 7,769.]

pounds of buckwheat flour, to sell upon commission; that the bankrupt received the flour to sell upon commission, and undertook to faithfully remit and pay over to the plaintiffs the proceeds of sale over and above his commission; that on or about the 20th of February, 1868, the bankrupt, as such commission agent, sold the flour and received therefor the sum of $758$^{79}$/$_{100}$ over and above his commission, as the plaintiffs were informed by the bankrupt; that the bankrupt did not remit the proceeds of sale or any part thereof to the plaintiffs; that the plaintiffs afterward demanded from the bankrupt the proceeds of sale, less his commissions, and he refused to pay it over to them, saying that he did not then have the money, and had not the means of payment; that he had not paid to the plaintiffs such proceeds or any part thereof, but had applied the same to his own use, and closed his commission business; and that by reason of the premises the plaintiffs had sustained damage to the amount of $758.79, and interest thereon from February 20th, 1868. On the hearing of the application, an issue of fact arose between the parties as to whether such arrest was founded on a debt or claim from which a discharge of said bankrupt in bankruptcy would not release him, and it was referred to a referee, under the thirty-eighth section of the bankruptcy act, to take such testimony as might be produced before him in relation to said issue and report, and certify the same to the court. Testimony was taken by both parties before the referee, and the case was argued before the court upon such testimony.

B. F. Watson, for bankrupt.
R. D. Holmes, for creditors.

BLATCHFORD, District Judge. This application is made under that clause of the twenty-sixth section of the bankruptcy act which provides that "no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy, in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him." Under this provision it has been held by this court —In re Kimball [Case No. 7,767]—that if the arrest is founded on a claim from which a discharge in bankruptcy would not release the bankrupt he is liable to the arrest, whether the action in which the arrest is made is founded on such claim or not, it frequently happening, in the practice of the courts of the state of New York, that the complaint in the action discloses a simple contract debt, while the affidavits on which the arrest is founded show that the debt was contracted by fraud, and is one which would not be discharged by a discharge in bankruptcy. Where a bankrupt is under arrest in a civil action during the pendency of the proceedings in bankruptcy, and his dis-

charge from arrest is applied for on the ground that, under the said provision of the twenty-sixth section, he is not liable to such arrest, this court must determine whether the claim on which the arrest is founded is one from which a discharge in bankruptcy would not release him. The district court of Massachusetts has held—In re Devoe [Case No. 3,843]—that where it appears, by inspection of the proceedings in the state court on which the arrest was made, that the arrest was founded by the state court on a claim which appears, on the face of such proceedings, to be one of damages for fraud, the district court is concluded, and cannot inquire whether such claim is well founded or ill founded. Although I have, heretofore, in some cases, been inclined to take a different view of the construction of this provision of •the twenty-sixth section, and to hold that this court is called upon to inquire whether, upon all the facts existing between the parties to the claim in reference to its creation, it is or is not such a claim as is by the thirty-third section excepted from the operation of a discharge, yet I am satisfied, upon full consideration, that this view is erroneous, and that the interpretation given to the twenty-sixth section by the district court of Massachusetts in the case of In re Devoe, before cited, is the correct one. It is true that the state court has never passed upon the question whether the claim made by the creditor is one from which a discharge in bankruptcy would not release the debtor, but has only passed upon the question whether, by the state laws, the debtor was liable to arrest, and that this court is called upon to say whether the claim is one that would not be released by a discharge in bankruptcy. But, by the express terms of the twenty-sixth section, the claim to be inquired about is the one on which the state court founded the arrest, the one presented by the creditor to the state court, and on which it acted as the foundation for the arrest, the one in respect of which, as presented to it at the time, it decided that the debtor should be put or kept under arrest. The proceeding in this court to discharge a debtor from arrest, when he is held under arrest contrary to the provisions of the twenty-sixth section, is very limited in its scope. The action of this court is confined, in point of time, to the pendency of the proceedings in bankruptcy. They are pending, so far as the debtor is entitled to relief by virtue of this provision of the twenty-sixth section, only until the termination of proceedings for the discharge of the bankrupt. It was not intended, by the twenty-sixth section, or any other provision in the bankruptcy act, that this court in bankruptcy should pass in a plenary manner upon the question whether a particular debt or claim will or will not be released by a discharge in bankruptcy. That question must be passed upon by the

court in which the debt is sued on, and the discharge is pleaded, and it is replied that the debt is one excepted by the thirty-third section from the operation of the discharge. This court only passes on the question whether the state court has founded its arrest upon a claim which on the face of the papers which were before it as the foundation for the arrest, is a claim from which the debtor would not be released by a discharge in bankruptcy.

Applying this view to the case at bar, the state court had before it as the foundation on which it ordered the arrest, merely the affidavit before referred to. The order of arrest is dated June 5th, 1868. The complaint in the action was not sworn to until June 8th, 1868, and of course was not before the state court when it granted the order of arrest, and it is not shown that the state court has ever had before it as a foundation for making or retaining such order of arrest any other paper than such affidavit. The only question to be determined, therefore, is, whether the claim as stated in that affidavit, is one from which the debtor would not be released by a discharge in bankruptcy.

The claim stated in that affidavit is, that a quantity of buckwheat flour was sent by the plaintiffs to the bankrupt to be sold by him on commission; that he received it to sell on commission, and undertook to pay to the plaintiffs the proceeds of sale less his commission; and that he sold the flour, and received for it $758.79 over and above his commission, but has not paid to the plaintiff such proceeds, or any part thereof. Is such a claim a debt created by the defalcation of the debtor while acting in a fiduciary capacity? I have heretofore decided, in the case of In re Seymour [Case No. 12,684], that such a claim is a debt of that character, and will not be discharged by a discharge in bankruptcy. My views as there stated are confirmed by the very thoroughly considered opinion of the supreme court of New York in the recent case of Duguid v. Edwards, 50 Barb. 288. The application for the discharge of the bankrupt from arrest is denied.

This decision was affirmed by the circuit court, on review [Case No. 7,769].

BANKRUPTCY — ARREST UNDER STATE PROCESS — APPLICATION FOR DISCHARGE FROM ARREST — CHARGE OF FRAUD—FIDUCIARY DEBT.