## Case No. 16,814.

### In re VALK et al.

[3 Ben. 431; [1] 3 N. B. R. 278 (Quarto, 73).]

District Court, S. D. New York. Oct., 1869.

ARREST OF BANKRUPT BY ORDER OF A STATE COURT.

Where a bankrupt, having been arrested under an order of arrest issued out of a state court, during the pendency of the bankruptcy proceedings, is brought before the bankruptcy court on habeas corpus, that court cannot go into an inquiry whether, in fact, the debt for which the bankrupt was arrested was one which, under the 33d and 34th sections of the bankruptcy act [of 1867 (14 Stat. 533)], cannot be discharged by the discharge in bankruptcy, but can only inquire whether or not, from the face of the papers on which the state court acted, in ordering the arrest, it appears that the state court founded the order on such a debt.

[Cited in Re Alsberg, Case No. 261.]

Abraham Valk and James S. Valk filed their voluntary petition in bankruptcy in this court, on the 15th of December, 1868, and were adjudicated bankrupts on the 21st of December, 1868. They had applied for their discharges, but had not yet received them, when, on the 14th of September, 1869, an order was made by a justice of the supreme court of the state of New York, in a civil suit brought therein against Abraham Valk, James Valk, Morris Valk, and John Valk, by Benjamin Van Biema, requiring the sheriff of the city and county of New York to arrest Abraham Valk, James Valk, and John Valk, and hold them to bail in the sum of $38,000. On that order, Abraham Valk and James S. Valk were arrested by the said sheriff, on the 20th of September, 1869, and, being in his custody, by virtue of said order, were brought before this court, on a writ of habeas corpus, and their discharge was applied for, on the ground that they were imprisoned in violation of that clause of the 26th section of the bankruptcy act, which provides, that "no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy, in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him." The order of arrest was founded solely on an affidavit made by the plaintiff in the action.

Beebe, Donohue & Cooke, for bankrupts.
John McKeon and P. C. Talman, for sheriff and creditor.

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. The only question to be inquired into, on the return to this writ, is, whether or not the affidavit on which the order of arrest was founded shows that such order was founded on such a debt or claim as the 33d and 34th sections of the bankruptcy act declare shall not be discharged by a discharge, namely, one created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character. This court cannot go into an inquiry as to whether or not the debt alleged to be due to Van Biema was in fact one so created. It cannot try that question on affidavits or by proofs. It can only inquire whether or not, from the face of the papers on which the state court acted in making the order of arrest, it appears that the state court founded the order on a debt so created. If this court sees, from the face of those papers, that the state court, in ordering the arrest, must have done so because it regarded the case made out by the papers to be one of a debt so created, it must regard the arrest as founded on such a debt, and must hold that the bankrupts were liable to such arrest. This was the doctrine laid down by this court in the case of In re Kimball [Case No. 7,768], and by Mr. Justice Nelson, in the circuit court, in the same case [Id. 7,769]. There are several causes for which arrests in civil actions are allowed by the state law of New York, which do not amount to such fraud, embezzlement, or defalcation as are specified in the 33d section of the bankruptcy act. Hence the necessity for an examination, by this court, of the papers on which the arrest is founded—not to determine whether the bankrupt was liable, by the state law, to arrest, or whether he was arrested on a debt which is in fact not dischargeable in bankruptcy—but solely to determine whether the state court intended, in ordering the arrest, to found it on a debt or claim which would not be discharged by a discharge in bankruptcy. The distinction is a plain one. If the bankrupt claims that, on the merits, the facts on which the state court acted in ordering his arrest did not exist, he must try that question in the state court, and not in this court. Therefore, I cannot look into the voluminous evidence which was taken on the reference made under this writ. I can only examine the affidavit of the plaintiff, on which the order of arrest was made. I have done so, and am satisfied that the state court must, on that affidavit, have believed that the debt in question was created by the fraud of the bankrupts, or by their defalcation while acting in a fiduciary character, and must, on that belief, have ordered the arrest. The writ must be discharged, and the prisoners be remanded to the custody of the sheriff.