THOMAS NOWELL *vs.* JAMES H. TRIPP.

*Collector's warrant—sufficient justification for acts done in obedience to it.*

A collector of taxes, legally qualified, acting within the scope of his powers, under a warrant from the assessors of his town, is protected against all illegalities but his own, even though the assessors had not, in fact, any jurisdiction over the person they assumed to tax.

The defendant, as collector of taxes for the town of Kennebunkport, acting under authority of the commitment and warrant delivered to him by the assessors of that town, arrested the defendant, who had removed to, and become a citizen of Bangor prior to the assessment of the tax against him for which he was arrested; it was *held* that trespass would not lie against the defendant for making the arrest.

ON EXCEPTIONS.

TRESPASS against the defendant for arresting the plaintiff at Kennebunkport, October 27, 1869, and holding him in custody. The defendant justified his action in the premises as a collector of taxes for that town, to whom the assessment lists for that year had been committed with a warrant for the collection of the taxes mentioned therein ; alleging that, upon these lists, there was a tax against said Nowell, and that the warrant aforesaid authorized and directed the arrest of those refusing to pay the sums assessed against them, and that Nowell refused to pay his tax, and that the plaintiff, in his official capacity, arrested him to enforce collection of the same, and discharged him from custody so soon as he paid said tax. The tax was entirely upon personal property, nothing being assessed as upon any real estate of the defendant. It was conceded that the assessors were regularly chosen and qualified, and that the assessment and commitment and warrant were in due form and that the name of the plaintiff appeared upon the lists of taxes committed to the defendant for collection, and that said Tripp was the legally chosen and qualified collector of taxes of Kenne-

bunkport for that year (1869.)  The single ruling of the presiding justice at *nisi prius* to which exception was taken, was his instruction to the jury " that said warrant afforded no legal justification of said officer, James H. Tripp, unless the jury should find that the house and domicil of the plaintiff was at said Kennebunkport at the time of the assessment of said tax, April 1, 1869." The jury must have found that Capt. Nowell was not then resident at Kennebunkport as they returned a verdict in his favor.

*S. W. Luques* for defendant.

All cases holding the collector liable if the party arrested was not an inhabitant of the taxing town assume to follow *Lord Amherst* v. *Lord Somers*, 2 D. & E., 372; and yet this question was not presented in that case.

If the assessors were not liable in assessing the tax, as they were declared not to be in *Baker* v. *Allen*, 21 Pick. 382, *a fortiori* the mere collector, acting under their direction is not.  But if they are liable it does not follow that he is.  He cannot question the legality of the assessment, or of the proceedings which preceded it.  *Stetson* v. *Kempton*, 13 Mass. 283.

He is not to look beyond his process.  *Thurston* v. *Adams*, 41 Maine, 419; *Gray* v. *Kimball*, 42 Maine, 307; *Clark* v. *May*, 2 Gray, 413; *Hayes* v. *Drake*, 6 Gray, 390; *Howard* v. *Procter*, 7 Gray, 198; R. S. of 1857, c. 6, § 84.

*Howard & Cleaves* and *Peters & Wilson*, for plaintiff.

The assessors of Kennebunkport having no jurisdiction to assess Capt. Nowell of Bangor upon his poll and personal property, their whole proceedings were void *ab initio* and their warrant conferred no authority upon the defendant to execute it.  *Bowker* v. *Lowell*, 49 Maine, 429; 2 Bouv. Law Dict. Title, " Trespass," 7, 4; *Preston* v. *Boston*, 12 Pick. 12; 9 Bac. Ab. 446; *Thurston* v. *Martin*, 5 Mason, 497.

R. S. of 1857, c. 6, § 29, did not protect assessors who erroneously assessed one not an inhabitant of their town.  *Freeman* v. *Kenney*, 15 Pick. 44; *Dickinson* v. *Billings*, 4 Gray, 42.

Then, if they are not protected, but are mere trespassers, so is one who obeys a direction they are not authorized to give.

WALTON J.    It is the settled law of this State that a collector of taxes, legally qualified, acting within the scope of his powers, under a warrant from the assessors, is protected against all illegalities but his own.    *Judkins* v. *Reed*, 48 Maine, 386;  *Caldwell* v. *Hawkins*, 40 Maine, 526;  *Ford* v. *Clough*, 8 Maine, 342.

In the case last cited Mellen, C. J., says that a collector is not responsible for any irregularities on the part of others, antecedent to the commitment of the assessment to him for collection; that "his warrant is his protection against all illegality but his own."

The law is the same in Massachusetts.  10 Mass. 119 ;  13 Mass. 272;  19 Pick. 440;  5 Met. 362;  8 Met. 102;  6 Gray, 387;  7 Gray, 129;  102 Mass. 75.

In New Hampshire, in one case, the court held that in order to justify the seizure of property to enforce the payment of a tax, the collector must show that the tax was legally granted.    *Cloutman* v. *Pike*, 7 N. H. 209.    But the legislature at once interfered and corrected the error, by enacting a statute declaring that "collectors should not be liable for any irregularities of the town or the selectmen, nor for any cause whatever, except their own illegal conduct."    *Kinsley* v. *Hall*, 9 N. H., 190.

So in New York, in one case, Mr. Justice Platt, declared the rule to be that "all subordinate officers are bound to see that those who command them act within the scope of their legal powers." *Suydam* v. *Keyes*, 13 Johnson, 444.    But this opinion was afterwards reviewed by Mr. Justice Marcy, in a very full and able manner, and shown to be in conflict with the previous decisions in that state as well as contrary to reason and the fundamental principles of the common law ; and the true rule was declared to be that "a ministerial officer is protected in the execution of process, whether the same issue from a court of limited or general jurisdiction, although such court have not, in fact, jurisdiction in the par-

ticular case, provided that on the face of the process it appears that the court has jurisdiction of the subject matter, and nothing appears in the same to apprise the officer but that the court also has jurisdiction of the person of the party affected by the process." *Savacool* v. *Boughton*, 5 Wendall, 171.

This is a leading case upon this branch of the law; and it has been approved and followed in a great variety of subsequent cases, not only in New York but in other States, and by the Supreme Court of the United States. See 16 Wend. 514, 563. And for the application of the principle to the protection of a collector of taxes, see 2 Denio, 86; 27 Barb. 34; 30 Barb. 618; 1 Selden (5 N. Y.), 376.

In one case tried before Judge Story, he ruled that a collector of taxes was liable for arresting one wrongfully taxed as an inhabitant. *Thurston* v. *Martin*, 5 Mason, 497.

But the supreme court of the United States, in a recent decision, have overruled the doctrine of that case. The court say that " whatever may have been the conflict at one time in the adjudged cases, as to the extent of protection afforded to ministerial officers acting in obedience to process, or orders issued to them by tribunals or officers invested by law with authority to pass upon and determine particular facts, and render judgment thereon, it is well settled now, that if the officer or tribunal possesses jurisdiction over the subject matter upon which judgment is passed, with power to issue an order or process for the enforcement of such judgment, and the order or process issued thereon to the ministerial officer is regular on its face, showing no departure from the law, or defect of jurisdiction over the person or property affected, then, and in such cases, the order or process will give full and entire protection to the ministerial officer in its regular enforcement against any prosecution which the party aggrieved thereby may institute against him, although serious errors may have been committed by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued; " that a collector of taxes cannot revise, or refuse to enforce, the assessment; that his duties are pure-

ly ministerial; that the assessment, duly certified to him, is his authority to proceed; and, like an execution to a sheriff, regular on its face, issued by a tribunal having jurisdiction of the subject-matter, constitutes his protection; that the tax payer can no more complain of the collector who enforces a tax, on the ground that he was not liable to taxation, than a judgment debtor can complain of a sheriff who enforces an execution, on the ground that the court erred in finding that he was indebted to the plaintiff. *Erskine* v. *Holmbach*, 14 Wallace, 613.

We understand it to be conceded that if the assessors erroneously tax one as the owner of property, when in fact he is not the owner of it, the collector may, nevertheless, enforce payment of the tax with impunity.

But it is said that if the assessors erroneously tax one as an inhabitant, when in fact he was not an inhabitant, the collector will not be protected in collecting the tax. The distinction is sought to be maintained that in the one case the assessors have jurisdiction, and in the other not. In our judgment no such distinction can be maintained. It has no rational principle to rest upon. In determining what persons are to be taxed, the assessors are as clearly performing an official duty, one which they cannot legally escape from, as in determining what property is to be taxed; and there is no more reason for holding the collector responsible for an error in the one case than in the other.

Questions of domicile are among the most difficult which courts as well as town officers have to deal with; and yet such questions must be decided. It will not do to allow every one to escape taxation who can manage to leave his habitancy in doubt. And in a doubtful case if the assessors do not determine the question who will? Is there any other tribunal to whom it can be referred? Certainly not. The assessors must decide; and in doing so they are no more acting outside of their jurisdiction, than in determining what property shall be taxed. And in our judgment an error of the assessors in taxing one as an inhabitant of their town when, in fact, he was not an inhabitant, forms no exception to the rule

that a collector's warrant is his protection against all errors and illegalities but his own. His warrant is his protection against such an error, or illegality, as well as every other, committed by the assessors, provided the error does not appear upon the face of his warrant, nor in the list of assessments committed to him for collection. *Exceptions sustained.*

APPLETON, C. J.; CUTTING, DICKERSON, and DANFORTH, JJ., concurred.