Jones *v.* Knauss.

FRANCES R. JONES

*v.*

WILLIAM H. KNAUSS.

1. A citizen of another state, who comes into this state voluntarily and without subpœna, for the purpose of giving evidence in a suit pending in this court, cannot be taken on a *ca. sa.* while he remains here as a witness.

2. His arrest, at any time while the court may require his attendance before it as a witness, is an invasion of its prerogative, for which it may discharge him.

John S. Allen was arrested, by virtue of a *ca. sa.* issued out of the Essex circuit court, while in attendance before the vice-chancellor as a witness in the above cause. He resides in Connecticut, and had come here, voluntarily, to

NOTE.—That a party to a suit or a witness is privileged from arrest while in attendance thereon, and going and returning, see cases cited in *1 Chit. Arch. Q. B. 780; 1 Tidd's Pr. 195; 1 Greenl. on Evid. §§ 316–318; 1 Whart. on Evid. § 389; 2 Phill. on Evid. (4th Am. ed.) 820.* Besides these, the following instances, where such privilege was recognized, may be noticed : Where the arrest was made at a subsequent term to which plaintiff's cause had been continued (*Com.* v. *Huggeford, 9 Pick. 257; Smythe* v. *Banks, 4 Dall. 329*); while a defendant was returning from an appearance to a *habeas corpus* issued from a federal court, and another *habeas corpus,* issued from a state court, was served on her (*Evert's Case, 2 Disn. 33;* see *Rex* v. *Deleval, 3 Burr. 1434; Rex* v. *Blake, 2 Nev. & M. 312*); a service of a subpœna to answer a bill in chancery on

give evidence. His visit had no other object. He was not served with subpœna in Connecticut or here. His examination had been concluded, the evidence on both sides closed, and the argument commenced, prior to his arrest. The arrest was made in the vice-chancellor's chamber, shortly after the adjournment for the midday recess, and while the vice-chancellor was absent. The petitioner was at once, after his arrest, taken from the vice-chancellor's chambers to the sheriff's office. He now applies to be discharged, claiming that his arrest was unlawful.

*Mr. John A. Cobb*, for petitioner.

*Mr. John W. Taylor*, for respondent.

THE VICE-CHANCELLOR.

The supreme court, in 1809, decided that, according to the rule prescribed by our statute (*Rev. p. 380 § 15*), a wit-

---

a witness attending another cause (*Martin* v. *Ramsey*, 7 *Humph. 260*) ; after one arrest and bail given thereto (*Clarke* v. *Simpson*, 1 *McMull. 286*) ; although the second arrest was in another county (*Sadler* v. *Ray*, 5 *Rich. 523*) ; while attending a reference before a master in vacation (*Vincent* v. *Watson*, 1 *Rich. 194; Huddeson* v. *Prizer*, 9 *Phila. 65*) ; while attending from another state, to hear an argument in his own case in the court of appeals (*Pell's Case*, 1 *Rich. 197*) ; while attending a suit in the common pleas (*Harris* v. *Grantham*, *Coxe 142*) ; after an insolvent discharge, and while returning from a session of the court, under a notice from the plaintiff (*Richards* v. *Goodson*, 2 *Va. Cas. 381*) ; while defendant was returning home from attendance on a suit (*Hammerskold* v. *Rose*, 7 *Jones 629*) ; or coming voluntarily to attend it (*Solomon* v. *Underhill*, 1 *Camp. 229*) ; or coming to court under a subpœna (*Dickenson's Case*, 3 *Harring. 517*) ; or voluntarily attending from another state (*Ballinger* v. *Elliott*, 72 *N. C. 596; May* v. *Shumway*, 16 *Gray 86; Thompson's Case*, 122 *Mass. 428; Person* v. *Pardee*, 6 *Hun 477*, 66 *N. Y. 124; Juneau Bank* v. *McSpedan*, 5 *Biss. 64; Brett* v. *Brown*, 13 *Abb. Pr.* (*N. S.*) *295*) ; even where both parties were non-residents (*Henegar* v. *Spangler*, 29 *Ga. 217*) ; attending a police court as a prosecutor (*Montague* v. *Harrison*, 3 *C. B.* (*N. S.*) *292*) ; or the execution of a writ of inquiry (*Walters* v. *Rees*, 4 *Moore 34*) ; after a plaintiff's bill had been dismissed (*Andrewes* v. *Walton*, 1 *McN. & G. 380*) ; attending the registrar's office with his solicitor, to settle the terms of a decree (*Newton* v. *Askew*, 6 *Hare 319*) ; or, as a witness before a registrar in bankruptcy (*Ex parte Burt*, 2 *M. D. & DeG. 666*) ; a husband of a petitioner, who ought to have been but was not a party to the cause (*Ex parte Britten*,

ness was not entitled to immunity from arrest while attend-
ing court, unless his attendance was in obedience to process
of subpœna. *Rogers* v. *Bullock, 2 Pen. 517.* The witness
who claimed immunity in that case was, undoubtedly, I
think, a citizen of this state, and, as such, amenable to the
process of our courts. If the fact had been otherwise, it
was quite too important to have escaped mention by the
learned reporter, who was a member of the court which
decided the case. I think it may, therefore, well be doubted
whether, in a case like the present, where the witness is not
bound to obey the process of the courts of this state, and
whose attendance cannot be compelled by compulsory
means, and, if procured at all, must be voluntary, it would
be held that attendance in obedience to process is necessary
to immunity. An absurd purpose should not be imputed
to the legislature. They certainly did not intend to deprive
the suitors of this state of the testimony of witnesses resid-
ing in foreign jurisdictions; nor can it be supposed that

---

*4 Jur. 943, 1 Mon. D. & D. 278)*; a bankrupt, during the forty days
allowed for his examination (*Ex parte Helsby, 1 Dea. & Ch. 16; Ex
parte Donlevy, 7 Ves. 317; Kimball's Case, 2 Ben. 38, 2 Bank. Reg. 114*);
a defendant attending a master under a warrant to produce papers
(*Franklyn* v. *Colqhoun, 1 Madd. 580; Sidgier* v. *Birch, 9 Ves. 69*); attend-
ing a motion against him (*Bromley* v. *Holland, 5 Ves. 2*); or before an
arbitrator (*Moore* v. *Booth, 3 Ves. 350*); a common councilman sum-
moned by the mayor of the corporation to attend an election ordered
by *mandamus* (*Nixon* v. *Burt, 7 Taunt. 682*).

As to what constitutes an attendance: Merely being a suitor at the
time of arrest is not sufficient (*Gray* v. *Ayres, Tappan 164*); a party while
dining in the evening, after attending his cause all day in court, is
exempt (*Lightfoot* v. *Cameron, 2 W. Bl. 1113; Newland* v. *Harland, 8 Scott
70; Atty-Gen.* v. *Skinners Co., 8 Sim. 377*); a plaintiff waiting in the
vicinity of the court for his cause to be called (*Childerston* v. *Barrett, 11
East 439; Walker* v. *Webb, 3 Anst. 941; Ex parte Hurst, 1 Wash. C. C.
186*); waiting *redeundo*, in a picture-shop on the way, not an unreason-
able time (*Luntley* v. ——, *1 Cr. & M. 579*); going into a tailor-shop
on his way home (*Pitt* v. *Coombs, 3 Nev. & M. 212*); during a detention
of a month as a witness before a master (*Brown* v. *McDermott, 2 Ir. Eq.
338; Burke* v. *Higgins, 2 Hogan 110; Gibbs* v. *Phillipson, 1 Russ. & M. 19*);
during an adjournment of the examination by the master (*Ex parte
Temple, 2 Ves. & B. 395; Spencer* v. *Newton, 6 Ad. & El. 623; Ex parte
Russell, 1 Rose 278*); a party going into another county to attend the
taking of a deposition, in a suit pending, although he afterwards
determine not to have it taken (*Wetherill* v. *Seitzinger, 1 Miles 237*);

Jones *v.* Knauss.

they intended to send the writs of our courts into jurisdictions where they would be entitled to no more force than so much blank paper. In my view, it is much more reasonable to conclude they simply meant that process should be used within our own jurisdiction, where it is entitled to command respect and obedience. Much the same view has already been expressed by Mr. Justice Depue, in *Dungan* ads. *Miller, 8 Vr. 182.*

But this case presents a much more important question than a question of privilege to the witness. Was not the arrest an invasion of the prerogative of this court? It is the undoubted right of every tribunal entrusted with the determination of questions of fact, to compel the attendance of witnesses, and to hold and control them until the purposes of their attendance are fully accomplished. This power is absolutely indispensable to the discharge of their functions. The witness in this case had not been discharged, and, although his examination had been com-

---

coming into town several days before his cause was likely to be heard (*Ex parte Tillotson, 2 Stark. 470; Persse* v. *Persse, 5 H. of L. Cas. 671*).

The following are instances where a plea of privilege was overruled: Where the witness's attendance was voluntary (*Hardenbrook's Case, 8 Abb. Pr. 416*); on service of a summons merely, without an arrest (*Hopkins* ads. *Coburn, 1 Wend. 292; Pollard* v. *Union Pac. R. R., 7 Abb. Pr. (N. S.) 70; Legrand* v. *Bedinger, 4 Mon. 539; Hunter* v. *Cleveland, 1 Brev. 167; Huntington* v. *Shultz, Harp. 452; Wilder* v. *Welsh, 1 McArthur 566*); where the defendant was in attendance as a suitor before United States land commissioners (*Page* v. *Randall, 6 Cal. 32*).

A common informer is not protected (*Ex parte Cobbett, 7 El. & Bl. 955*); nor a party attending court to assist his solicitor about duties properly the business of the solicitor (*Flattery* v. *Anderson, 6 Ir. Eq. 518*); nor attending a court of bankruptcy on his own petition (*Plomer* v. *MacDonough, 1 DeG. & Sm. 232*); as to a creditor attending to prove his claim (*Ex parte King, 7 Ves. 312; Ex parte Bryant, 1 Madd. 49; Ex parte Kerney, 1 Atk. 55; Ex parte Dick, 2 W. Bl. 1142; Kinder* v. *Williams, 4 D. & E. 377*); *aliter,* where the bankrupt is attending to be examined, although the previous examination had been adjourned *sine die* (*Ex parte Ross, 1 Rose 260; Kimball's Case, 2 Ben. 38*); where a witness voluntarily leaves the place of trial, during a recess from Friday until Monday (*Rex* v. *Piatt, 3 W. N. C. 187*).

The privilege does not extend to criminal cases, as where the defendant had been brought into the state as a fugitive from justice (*Williams* v. *Bacon, 10 Wend. 636; Com.* v. *Daniel, 4 Clark (Pa.) 49*); after a dis-

Jones v. Knauss.

pleted, his further attendance had not been dispensed with.
His further examination might have become necessary for
the correction of his testimony, or to supply an omission
arising from the inadvertence of counsel. Until discharged
by the court he was subject to its order, and his arrest with-
drew him from the power of the court at a time when it
had a right to his presence, and while his actual attendance
before the court might have been necessary for the due
administration of justice. The fact that the court was not
actually in session when the arrest was made, is quite
immaterial; the decisive fact is, the witness was arrested
while he was in attendance before the court, and while he
was subject to its power and entitled to its protection. In
the interim between the adjournment from one day until
the next, the court does not lose its power over those who
have attended before it as witnesses and have not been dis-
charged; nor does an adjournment so far withdraw the pro-
tection of the court that, in the interval, an unscrupulous

charge on a recognizance on a criminal charge (*Moore* v. *Green*, *73 N.
C. 394;* *Key* v. *Jetto*, *1 Pittsb. 117;* *Scott* v. *Curtis*, *27 Vt. 762;* *Hare* v.
*Hyde*, *16 Q. B. 394;* *Jacobs* v. *Jacobs*, *3 Dowl. P. C. 675;* *Rex* v. *Douglas*,
*7 Jur. 39;* *Anon.*, *1 Dowl. P. C. 157*); or after a trial and acquittal
(*Goodwin* v. *Lordon*, *1 Ad. & El. 378;* *Addicks* v. *Bush*, *1 Phila. 19*); or
trial and conviction (*Lucas* v. *Albee*, *1 Den. 666*); but see *Bours* v.
*Tuckerman*, *7 Johns. 538;* *Rex* v. *Wigley*, *7 Car. & P. 4;* *Callans* v. *Sherry*,
*Al. & Nap. 125;* *Gilpin* v. *Cohen*, *L. R. (4 Exch.) 131;* *Benninghoff* v.
*Oswell*, *37 How. Pr. 235*).

Such an illegal arrest is no cause of abating the writ (*Booraem* v.
*Wheeler*, *12 Vt. 311;* see *Hubbard* v. *Sanborn*, *2 N. H. 468*); a prior illegal
arrest from which defendant was discharged, will not prevent a subse-
quent legal one (*Petrie* v. *Fitzgerald*, *1 Daly 401;* *Van Wezel* v. *Van
Wezel*, *1 Edw. Ch. 113;* *Barrack* v. *Newton*, *1 Q. B. 525;* *Andrews* v. *Wal-
ton*, *1 McN. & G. 380;* *Towers* v. *Newton*, *1 Q. B. 319;* *Cartwright* v.
*Keely*, *7 Taunt. 192;* *Shults* v. *Andrews*, *54 How. Pr. 380;* *Lagrave's Case*,
*14 Abb. Pr. (N. S.) 333;* *Humphrey* v. *Cumming*, *5 Wend. 90;* *Hart* v.
*Kennedy*, *15 Abb. Pr. 290*).

As to what constitutes a deviation sufficient to forfeit the privilege,
see (*Chaffee* v. *Jones*, *19 Pick. 260;* *Salhinger* v. *Adler*, *2 Robt. (N. Y.)
704;* *Clark* v. *Grant*, *2 Wend. 257;* *Shults* v. *Andrews*, *54 How. Pr. 380;*
*Wilbur* v. *Boyer*, *1 W. N. C. 154;* *Selby* v. *Hills*, *8 Bing. 166;* *Persse* v.
*Persse*, *5 H. of L. Cas. 671;* *Pitt* v. *Coombs*, *5 B. & Ad. 1078;* *Herron*
v. *Stokes*, *6 Ir. Eq. 125;* *Strong* v. *Dickenson*, *1 M. & W. 488;* *Jones* v. *Rose*,
*11 Jur. 379;* *Hatch* v. *Blissett*, *2 Str. 986;* *Ricketts* v. *Gurney*, *7 Price 699;*

suitor may punish them, by arrest, for giving evidence
against him, or prevent them, by the same means, from giv-
ing evidence which he fears may prejudice him.  If such
obstructions to the course of justice were tolerated, because
the court was impotent to remove them, its administration
would soon be impossible.

Unless the courts can give immunity from arrest to those
who appear before them to testify, and free them, at least
while assisting in the administration of justice, from every-
thing like terror and intimidation, their power is not ade-
quate to the full discharge of the duties with which they
are charged.  This prerogative was said, by Judge Kane, to
be founded in the necessities of judicial administration, and
he held, even the service of a summons on a person who
had attended before him, as an invasion of it, and set the
writ aside.  His judgment was approved by Chief Justice
Taney and Justice Grier.  *Parker* v. *Hotchkiss, 1 Wall. Jr.
269.*  Many cases might be cited in support of the power.
I refer to those only which are almost precisely analogous:
*Norris* v. *Beach, 2 Johns. 294; Dixon* v. *Ely, 4 Edw. Ch. 557;
Seaver* v. *Robinson, 3 Duer 622.*

---

*Sidgier* v. *Birch, 9 Ves. 69; Ex parte Clarke, 2 Dea. & Ch. 99; Mahon* v.
*Mahon, 2 Ir. Eq. 440; Atty-Gen.* v. *Leather Sellers Co., 7 Beav. 157).*

What amounts to a waiver of the privilege (*Stewart* v. *Howard, 15
Barb. 26; Randall* v. *Crandall, 6 Hill 342; Farmer* v. *Robbins, 47 How.
Pr. 415; Green* v. *Bonaffon, 2 Miles 219; Woods* v. *Davis, 34 N. H. 328;
Washburn.* v. *Phelps, 24 Vt. 506; Geyer* v. *Irwin, 4 Dall. 107; Tipton* v.
*Harris, Peck 414).*

As to the proper court in which to apply for a discharge, and the pro-
ceedings thereon (*Kimpton* v. *L. & N. W. Co., 9 Exch. 766; Pitt* v. *Evans,
2 Dowl. P. C. 223; Walker* v. *Webb, 3 Anst. 941; Bump's Bankruptcy
(9th ed.) 692; Com.* v. *Hambright, 4 S. & R. 149; United States* v. *Edme,
9 S. & R. 149; Kinsman* v. *Reinex, 2 Miles 200; Evert's Case, 1 Disn. 33;
Lyell* v. *Goodwin, 4 McLean 29; Humphrey* v. *Cumming, 5 Wend. 90;
Grover* v. *Green, 1 Caines 116: Taft* v. *Hoppin, Anth. N. P. 255; Kim-
ball's Case, 2 Ben. 554, 6 Blatch. 292; Valk's Case, 3 Ben. 431.*

That the officer making such arrest is not liable (*Cooley on Torts, 192;*
also, *Moore* v. *Chapman, 3 Hen. & M. 260; Wood* v. *Kinsman, 5 Vt. 588;
Carle* v. *Delesdernier, 13 Me. 363; Nowell* v. *Tripp, 61 Me. 426;* see *Thurs-
ton* v. *Martin, 5 Mason 497; Kerr* v. *Mount, 28 N. Y. 659; Green* v. *Morse,
5 Me. 291; Sperry* v. *Willard, 1 Wend. 32; Gill* v. *Miner, 14 Ohio St. 182).*
— REP.

The petitioner was examined under an order opening the testimony in this case, and giving the defendant leave to examine the petitioner and one other witness, for the purpose of proving certain newly-discovered facts. The order directed the witnesses to be examined in open court. The nature of the evidence proposed to be offered rendered it highly important that its production should be controlled by the court. Had the petitioner been aware that he was liable to arrest, and for that reason had refused to come here without an order giving him safe conduct, there can be no doubt it would have been granted. The power and duty of the court in this respect, I think, are clear. It is true, such protection was neither solicited nor extended in advance of his coming; but will it be consistent with the dignity and justice which should always characterize judicial conduct, to refuse to give him now, because we have his testimony, the protection we would have extended to him to get his testimony if it had been asked for in advance? I am very decidedly of opinion it will not.

The question presented by this motion was one of such great practical importance, in view of the *nisi prius* character of hearings before the vice-chancellor, that I thought it ought not to be decided without consultation with the chancellor, and I accordingly laid it before him. I am gratified to be able to state that he fully concurs in the opinion that the arrest of the petitioner was unlawful, and that he must, therefore, be discharged.