JOSEPH GRAFTON *against* JAMES W. WEEKS, Administrator, &c.

(Decided March 4th, 1878.)

A resident of a foreign State cannot be served with process for the commencement of an action against him personally, or as administrator or trustee, while attending in this State as a witness in a cause pending in a court of this State or one of the courts of the United States held therein.

So *Held*, where the person served with process was a resident of New Hampshire, and was served with a summons in an action in this court while attending in this State as a witness in a cause pending in the Circuit Court of the United States for the Southern District of New York.

APPEAL from an order made at special term denying a motion made by the defendant to set aside the summons in the action.

The motion was made on the affidavit of the defendant stating that he was a resident of Lancaster, Coos County, New Hampshire, where he had resided for the past thirty years ; that he had been served with the summons in this action at No. 41 Chambers street, New York City, while he was actually in attendance as a witness on the part of the plaintiff in the suit of *Cummings* v. *Grafton*, then actually on trial in the United States District Court for the Southern District of New York ; that at the date of the affidavit the cause was still on trial, and that he intended to start on his return to New Hampshire on that day ; that he came into this State voluntarily, at the request of the plaintiff in the suit in the U. S. Court and his counsel, in good faith, for the sole purpose of being examined as a witness therein, and for no other purpose whatever.

In opposition to the motion there was read an affidavit stating that the service of the summons had not been made in any court room or during the session of the U. S. Circuit Court, or in the presence thereof, or while the same was sitting. Upon the hearing of the appeal there was also read by consent certain affidavits referred to in the opinion—those on the part of the plaintiff being for the purpose of showing that the defendant here had, by unfair devices, cut off the plaintiff's remedy against him in New Hampshire, and that he was interested in the verdict in the suit in the U. S. Court to the extent of two-thirds thereof. Affidavits in opposition to these were read on behalf of the defendant.

*Thomas H. Hubbard,* for appellant.

*John M. Bowers*, for respondent.

ROBINSON, J.—Defendant, while attending from the State of New Hampshire before the United States District Court for the Southern District of New York, in November, 1874, in an action then on trial, was served with a summons in the present action issued for and upon a money demand upon contract made by the intestate Joseph M. Thompson. Whatever may have been the variant decisions of the courts of record of this State in the exercise of their primary or original jurisdiction, it cannot be questioned by this court but that the Court of Appeals, in *Person* v. *Grier* (66 N. Y. 124), has established as a general principle of law that the resident of a foreign State cannot be served with process for the commencement of an action against him while attending in this as a witness before one of the courts held herein. The special consideration upon which the plaintiff seeks to sustain his right to enforce his action, notwithstanding such decision, is, that his claim is barred in New Hampshire by the Statute of Limitations of that State. As I understand the force and effect of the decision of the Court of Appeals, the privilege thus extended to one so attending as a witness is personal in exempting him from the jurisdiction of the foreign court, and I am unable to appreciate any distinction in this respect, whether the claim be one made against him in his private right, or as trustee, administrator, or executor, and without regard to the character of his defense. The matters presented in the additional affidavits read on this appeal, and which by consent are to be regarded in like manner as subjects of consideration after adverse decision as if heard on appeal, present no phase of equitable cognizance of the action not embraced within the general exposition of the law as announced by the Court of Appeals. *Fraud*, in avoidance of the just and equitable jurisdiction of a court of this State, would certainly be ground for questioning the general scope and terms of the decision of the Court of Appeals. But none such is shown in the present case upon the supplementary affidavits, and in consideration of the decision of that court the order appealed from should be reversed with costs. The order hereon being made in obedience to the decision of

the Court of Appeals, I do not deem myself possessed of any discretion, or at liberty to do otherwise than follow it.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Order reversed with costs.