GRISWOLD <em>ads.</em> LEWIS & REES.

A writ cannot be quashed before it is returned. The motion should be for a supersedeas.

MOTION to quash a writ in replevin. Various defects were alleged, but it appeared the writ had not been returned, which was relied on in opposition to the motion.

*W. S. Stow,* for defendant.

*D. McMartin,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The motion is premature. A writ cannot be quashed until it is returned.' Before it is returned, the motion should be for a supersedeas.

Motion denied with costs.

---

HOPKINS <em>ads.</em> COBURN.

A suitor attending court is not privileged from having process served on him in a non-bailable action.

MOTION to set aside an arrest, and vacate an appearance indorsed on a capias. Defendant, who is a resident of the county of Onondaga, attended the trial of a cause commenced by him in a justice's court, in the county of Cortland. Immediately after the termination of the trial, a capias, containing an *ac etiam* clause for a malicious prosecution, was served upon him. Bail was not demanded of him, but he was required to indorse his appearance, or be committed. He indorsed his appearance, and now moved to vacate the same.

*V. Birdseye,* for defendant.

*Thomas & Shankland,* for plaintiff.

ALBANY,
Oct. 1828.

Jerome
v.
Boeram.

*By the Court,* Savage, Ch. J.   The defendant, as a suitor, was undoubtedly privieged from arrest : but here was not an arrest ; for though the capias contained an *ac etiam* clause, bail was not demanded.   Had bail been required, all the relief the party would have been entitled to, would have been to have been discharged on filing common bail.   The indorsing of an appearance is equivalent to filing common bail.   No more was therefore asked of the defendant, than this court would have required, on application to them, had he been compelled to give bail when the capias was served.   This is the uniform practice of this court, (7 *Johns. R.* 538,) and the only exception is in favor of foreign witnesses attending our courts, in which cases the defendants are discharged absolutely.   (2 *Johns. R.* 294.   3 *Cowen,* 392.)

Motion denied.