## Case No. 8,617.

### LYELL v. GOODWIN.

[4 McLean, 44.] [1]

Circuit Court, D. Michigan. June Term, 1851.

SERVICE OF SUMMONS—PERSON PRIVILEGED FROM ARREST.

A summons served by leaving a copy at the residence of a judge, privileged from arrest while in the performance of his judicial duties, or traveling to and from his court, can not claim the privilege against the service when at home and not about setting out on his judicial circuit.

[Cited in Atchison v. Morris, 11 Fed. 583.]

[This was an action of trespass on the case by James L. Lyell against Daniel Goodwin. The defendant filed a motion to vacate the writ of the summons and the service thereof. See Case No. 8,616.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. McReynolds, for plaintiff.
Mr. Fraser, for defendant.

OPINION OF THE COURT. A motion is made in this case to quash the writ on the ground that the defendant was a judge of the supreme court of the state, and as the summons was served on him while at his residence in Detroit, not engaged in the actual performance of his judicial duties, but, as alleged, was preparing to leave home on the same, or the next day, to meet the court in which he presided, in the county of ――――, and that his departure, at the time stated, was necessary to reach the court at the commencement of the term which was fixed by law. The case was submitted to the court on the argument which had been made before the district judge, and on the opinion which he had pronounced. Judge McLean observed, the facts in this case differ, in my judgment, substantially from those on which the judgment of my brother judge was given. I have looked into his elaborate and learned opinion, and I am inclined to think that the service of the process, in this case, may be sustained without infringing upon the principles laid down in that one. The process, in this case, as in the other, was a summons; and when a copy was left at the residence of the defendant, he was not actually engaged in holding court, nor was he in the act of traveling to or from court. And if, under such circumstances, a mere notice could not be served on the defendant, it would be difficult to imagine at what time such service could be legally made. The question arises under the law of Michigan, and not under the common law, unless its principles have been adopted by legislation or judicial decision. Without entering into a discussion of the principles involved, I would state that I am inclined to sustain the service of the summons, and I would suggest to the counsel, if they desire to take the question to the supreme court, we will certify the point, as to the legality of the service. The court ordered the point to be certified to the supreme court, under the act of congress [1 Stat. 73]. Afterwards the case was settled and discontinued.