JUMEL (JOHNSON v.). See Case No. 7,392.

## Case No. 7,581.
### Case of JUMP.

[Nowhere reported; opinion not now accessible.]

JUNCTION R. CO. (LATHROP v.). See Case No. 8,110.
JUNCTION RAILROAD (WORKS v.). See Case No. 18,046.

## Case No. 7,582.
### JUNEAU BANK v. McSPEDAN.

[5 Biss. 64.] [1]

Circuit Court, D. Wisconsin. April Term, 1860.

**NON-RESIDENT DEFENDANT—SUMMONS—FOUND IN STATE.**

1. A non-resident defendant, coming within a state for the purpose of defending his suit, cannot be legally served with process in another suit, even though the prior suit be first discontinued.

[Cited in Brooks v. Farwell, 4 Fed. 168; Blair v. Turtle, 5 Fed. 397; Plimpton v. Winslow, 9 Fed. 366; Atchison v. Morris, 11 Fed. 584; Larned v. Griffin, 12 Fed. 590–592; Nichols v. Horton, 14 Fed. 329; Rubel v. Beaver Falls Cutlery Co., 22 Fed. 284; Miner v. Markham, 28 Fed. 390. Cited in brief in Holyoke & S. H. F. Ice Co. v. Ambden, 55 Fed. 593.]

[Cited in Mitchell v. Huron Circuit Judge, 53 Mich. 542, 19 N. W. 176; Palmer v. Rowan, 21 Neb. 456, 32 N. W. 212; Moletor v. Sinnen, 76 Wis. 311, 44 N. W. 1099; Matthews v. Tufts, 87 N. Y. 570; Christian v. Williams, 111 Mo. 441, 20 S. W. 98; Wilson v. Donaldson, 117 Ind. 360, 20 N. E. 251.]

2. The court will order the service so made to be stricken out.

[This was an action of assumpsit by the Juneau Bank against Thomas McSpedan.]

MILLER, District Judge. The defendant, a citizen of the state of New York, was sued by the plaintiff, a corporation of this state, in assumpsit. The summons was personally served. He appeared by attorney and moved the court to quash the writ. The affidavit of defendant contains the grounds for the motion, on which it was submitted by the counsel. It sets forth that an action was commenced against him as a non-resident of the state by the plaintiff for the same cause of action as in this cause, in the county count of Milwaukee county, and his property in the state was attached; that he appeared to said action and answered; the cause was

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

noticed for trial; that he was advised by his counsel that his presence was necessary at the trial, and that he came to Milwaukee for the purpose; and while here, waiting for the trial of the cause, it was discontinued, and the same day this summons in this case was served on him in Milwaukee.

In England, the privilege from arrest has always been construed to include the service of a summons. So in this country from a very early period. The privilege asserted here is the privilege of the court—that is, of the county court of Milwaukee county, rather than of the defendants; and it is liberally construed, for the due administration of justice. It is founded on the necessities of the judicial administration, which would often be embarrassed—probably sometimes interrupted—if the suitor, while attending court for the protection of his rights, or a witness while attending, either with or without the service of a subpoena, should be troubled with process. If such were allowed, suitors and witnesses might be deterred from attending court, whereby injustice may be done. A suitor or witness from another state or jurisdiction should be relieved from the service of process upon them. By the act of congress, a party defendant must reside in the district or be found in it. But it would not do to construe those words so as to prejudice the administration of justice in other tribunals. If this defendant had been actually arrested before he returned from the state, the county court could have discharged him; and upon the same principle, this court should strike off the return of service. U. S. v. Edme, 9 Serg. & R. 149; Stuart's Case, 1 Dall. [1 U. S.] 356; Halsey v. Stewart, 4 N. J. Law (1 Southard) 366; Parker v. Hotchkiss [Case No. 10,739]. This last decision was approved by Chief Justice Taney and Justice Grier. Attorneys are also relieved from the service of a summons while attending court. Gilbert v. Vanderpool, 15 Johns. 242. It is not necessary to refer to any more authorities, for the court could not sanction the service of a summons or mesne process upon a non-resident who came into the state for the purpose of prosecuting or defending a cause of his own in a court of this state. The summons was legal, and it cannot be disturbed, but the service will be stricken off.