FRANKLIN H. PERSON, Appellant, v. WILLIAM A. M. GRIER, Impleaded, etc., Respondent.

A resident of a foreign State, while attending a court of this State as a witness, cannot be served with a process for the commencement of a civil action against him.

As to whether a distinction in respect to their immunity exists as to suitors and witnesses from a foreign State, and those residing in this State, *quære*.

(Argued April 25, 1876; decided April 28, 1876.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term setting aside a service of the summons upon defendant Grier. (Reported below, 6 Hun, 477.)

Said defendant was the only one served. He is a resident of Pennsylvania, and was served while in attendance at a Circuit in Chemung county as a witness in an action in the Supreme Court wherein the plaintiff herein was a defendant

Opinion of the Court, per ALLEN, J.

*J. McGuire* for the appellant. Defendants were not exempted, by any statute, from the service of civil process unaccompanied by an arrest while attending court as a witness, or in going to or returning from such court. (*Pollard's Case*, 7 Abb. [N. S.], 71.)

*Nathaniel C. Moak* for the respondents. The service of the summons, while defendant was attending as a witness from another State, was irregular. (*Merrill* v. *George*, 23 How. Pr., 331; *Sanford* v. *Chase*, 3 Cow., 381; *Norris* v. *Beach*, 2 J. R., 294; *Brown* v. *Tuckerman*, 7 id., 538; *Seaver* v. *Robinson*, 3 Duer, 622; *Sanford* v. *Chase*, 3 Cow., 381; *Pollard* v. *Union, etc.*, 7 Abb. Pr. [N. S.], 70; *Janeau Bank* v. *McSpedan*, 5 Bis., 64; *U. S.* v. *Edme*, 9 S. & R., 149; *Stuart's Case*, 1 Dal., 356; *Halsey* v. *Stewart*, 4 N. J. [1 South.], 366; *Parker* v. *Hotchkiss*, 1 Wal., Jr., 269; *Gilbert* v. *Vanderpool*, 15 J. R., 242; *Miles* v. *McCullock*, 1 Bin., 77; *Hayes* v. *Shields*, 2 Yates [Penn.], 222; *Bolton* v. *Martin*, 1 Dal., 296; *Huddeson* v. *Prizer*, 9 Phila., 65; *Clark* v. *Grant*, 2 Wend., 257; *Sanford* v. *Chase*, 3 Cow., 381; *Holmes* v. *Morgan*, 1 Phila., 217; *Hurst's Case*, 4 Dal., 387; *Doty* v. *Strong*, 1 Pin. [Wis.], 84; *Anderson* v. *Rountree*, id., 115; *Dixon* v. *Ely*, 4 Edw. Ch., 557; *Walpole* v. *Alexander*, 3 Doug., 45.)

ALLEN, J. It is the policy of the law to protect suitors and witnesses from arrests upon civil process while coming to and attending the court and while returning home. Upon principle as well as upon authority their immunity from the service of process for the commencement of civil actions against them is absolute *eundo, morando et redeundo*. This rule is especially applicable in all its force to suitors and witnesses from foreign States, attending upon the courts of this State. In some instances witnesses and suitors, residents of the State, have only been discharged from arrest upon filing common bail; but the service of process upon non-resident witnesses and suitors has been absolutely set aside, thus giving color to a distinction between the two classes in respect

to their immunity. Whether any distiction should or does in fact exist, is at least doubtful. This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process. Witnesses might be deterred, and parties prevented from attending, and delays might ensue or injustice be done. In *Norris* v. *Beach* (2 J. R., 294) the defendant, a resident of the State of Connecticut, attending in this State to prove a will, was held exempt from the service of a *capias* and discharged absolutely from the arrest. The like relief was granted in *Sanford* v. *Chase* (3 Cow., 381), and the defendant, a resident of Massachusetts, arrested upon civil process while attending as a witness before arbitrators, was discharged absolutely without filing common bail, the court saying : " The privilege of a witness should be absolute." The court in *Hopkins* v. *Coburn* (1 Wend., 292), expressly affirm the absolute immunity of foreign witnesses attending our courts from the service of civil process for the commencement of an action. The same rule was held in *Seaver* v. *Robinson* (3 Duer., 622) and *Merrill* v. *George* (23 How., 331) and the service of a summons upon persons attending from other States as witnesses in this State was in each case set aside. This court, in *Van Lieuw* v. *Johnson* (decided in March, 1871, but not reported), substantially adjudged that a summons could not be served upon a defendant, a non-resident of the State, while attending a court in this State, as a party. Four of the judges taking part in that decision were of the opinion that neither a party nor a witness attending a court in this State from a foreign State could be served with summons for the commencement of an action. The order denying an application to set aside the summons in that case was affirmed upon the ground that the party had lost his privilege by remaining within the State an unreasonable and unnecessary time after the close of the trial upon which he had attended. CHURCH, Ch. J., and FOLGER, J., dissented from this result, being of the opinion that the privilege had not been lost. The authorities, as well as the principle upon which the privi-

lege rests, clearly lead to an affirmance of the order. The defendant Grier attended in this State, in good faith, as a witness, and the summons was served upon him while he was so attending and during the continuance of the freedom from arrest. The courts will not take jurisdiction of a party whose rights are thus invaded. It would be, in effect, and for all practical purposes, a withdrawal of the shield and protection which the law uniformly gives to witnesses, if a party coming from a foreign State could be served with process and an action commenced against him, the judgment in which would conclude him in all jurisdictions and could be enforced by action everywhere.

The order must be affirmed.

All concur.

Order affirmed.