## *In re* HEALEY.

### *Contempt of Court.*

The petitioner had pending in Rutland County Court a suit against the petitionee; and came into this State from New York for the *sole purpose of testifying in the said suit ;* and was a *material* witness, and as such, and as party plaintiff in interest (though the action was in another's name), was in attendance at the trial. *Within twenty minutes* after the petitioner left the court-room the petitionee caused a process of summons to be served on him, in a suit in his favor against the petitioner, returnable before a justice of the peace in Windsor County, demanding $200 damages,—substantially, the same claim which he had pleaded in defence to the plaintiff's suit against him. *Held,* that it was a *contempt of court ;* and adjudged that, unless the petitionee discontinue his suit at ———— he be committed.*

THIS case was tried in the County Court, and by request of the bar is inserted here, being one of practical interest.

*E. J. Ormsbee* and *A. F. Walker,* for the petitioner.

*J. J. Wilson,* for the petitionee.

The opinion of the court was delivered by

VEAZEY, J.   William W. Healey, of Danville, N. Y., a man of financial responsibility and good standing, became by purchase the owner of two promissory notes—one against the defendant Howe, and the other against another party, both residents of Vermont.   These notes not being paid when due, Healey sent them to the petitioner, Ormsbee, an attorney, for collection ; and he brought suit on them in his own name, but for the benefit of Healey ; and these suits were pending and came on for trial in this court at the September Term, 1880.   Healey was a material witness in said suits, and was in attendance at the said trial as a witness and as the party plaintiff in interest, though not in name ; and testified as such witness, and was in the State for no other purpose.   The trial of said cause was had on the forenoon of the 12th day of October ; and within twenty minutes after said Hea-

---

* As to contempt of court, see Am. Law Reg., April, May, 1881.—REP.

ley left the court-room after so testifying, and within a few rods of it, and while on his way to his hotel, and before a decision had been rendered, and before the leaving of any train by which said Healey could have returned to his home in the State of New York, the defendant Howe, through his attorney, caused process of summons to be served on Healey in a suit in favor of the defendant against Healey, returnable before a justice of the peace in Sharon, Windsor County, on the first day of November, 1880, demanding $200 damages for an alleged conspiracy, the same as alleged in the defendant's plea in said cause in this court. Whereupon this petition was brought charging the facts, and motion was made that this court take notice of the same as of a contempt of this court.

It has long been a well-settled rule of law that all persons who have any relation to a cause which calls for their attendance in court, and who attend in the course of that cause, though not compelled by process, are for the sake of public justice protected from arrest in coming to, attending upon and returning from the court. Tidd's Practice, p. 196 ; 1 Greenl. Ev. sections 316, 317, 318, and cases cited. This protection is granted for the sake of public justice.

The question has often been raised whether the remedy would be the absolute setting aside of the process in case of arrest, or, in other words, whether the immunity extends to process of summons. In case of a resident suitor or witness, the authorities differ. In the case of a non-resident suitor or witness, the weight of authority is to the effect that the immunity is absolute from the service of any process, unless the case is exceptional. *Person* v. *Grier*, 66 N. Y. 124 ; *Norris* v. *Beach*, 2 J. R. 294 ; *Sanford* v. *Chase*, 3 Cow. 381 ; *Hopkins* v. *Coburn*, 1 Wend. 292 ; *Seaver* v. *Robinson*, 3 Duer, 622 ; *Merrill* v. *George*, 23 How. Pr. 331 ; *Van Lieuw* v. *Johnson*, not reported, but referred to in *Person* v. *Grier, supra; Bridges* v. *Sheldon*, Federal Reporter, May 31, 1881, p. 36 ; *Halsey* v. *Stewart*, 1 Southy, 366 ; *Miles* v. *McCullough*, 1 Binn. 77. In *Hall's* case, 1 Tyler, 274, the court say that a writ of protection which neither establishes nor enlarges the privilege, but merely sets it forth and commands due respect

to it, suspends all civil process. In the above causes and others the proposition is announced in various forms, but in substance, that this immunity is one of the necessities of the administration of justice. The language of WHEELER, J., in *Bridges* v. *Sheldon*, *supra*, is : " A party who could not attend to his suit without being liable to such service would be under personal restraint from which those engaged in the administration of justice have a right to be free." In *Person* v. *Grier*, ALLEN, J., says : " Courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process. Witnesses might be deterred and parties prevented from attending; and delays might ensue and injustice be done." In *Sanford* v. *Chase*, the court say : " The privilege of a witness should be absolute."

The provision of our statute is : " Any party or witness . . . shall not be liable to be arrested or imprisoned or detained . . ." Has this limited the power of the court to interfere ? It seems to me not. As stated by WHEELER, J., in *Bridges* v. *Sheldon*, *supra*, and in other cases " this privilege arises out of the authority and dignity of the court where the cause is pending, and protection against the violation of the privilege is to be enforced by that court and will be respected by others." *Hurst's* case, 4 Dall., 387. He also says : " The proceeding rests upon the idea that what was done was a contempt which the court should punish." In *Thinder* v. *Williams*, 4 T. R. 377, it is said that the discharge of the party privileged is founded on the contempt of the court by arresting him while giving his necessary attendance upon it. It is deemed as a contempt to serve process upon a witness, even by summons, if it is done in the immediate or constructive presence of the court upon which he is attending. 1 Greenl. Ev. s. 316 ; *Cole* v. *Hawkins*, Andrews, 275 ; *Blight* v. *Fisher*, 1 Peters, C. C. R. 41 ; *Miles* v. *McCullough*, *supra ;* see also *Montagu* v. *Harrison*, 91 Eng. Com. Law, (3 C. B. N. S.) 291.

The act of Howe would have been a plain disobedience of the order of this court if it had caused a subpœna to be served upon Healey and had given him a writ of protection. The case stands, as before shown by the authorities cited, precisely the same without such subpœna and writ. The protection does not depend upon

*In re* Healey.

the writ. It grows out of the privilege which the law has established. It constitutes a continuing order. Moreover, it has been held that punishment of a party for contempt is sometimes a remedial process to which the opposite party is entitled, though it may not be necessary for the vindication of the authority of the court. *Howard* v. *Durand*, 36 Ga. 346.

Our statute was first enacted before imprisonment for debt was abolished, and when service by arrest was common. It was not intended to restrict the right of courts to punish for contempt or properly protect the administration of justice. In the exercise of the power vested in courts to punish for contempt they should proceed with great caution, and especially in a case of this kind, with a view to promote, not defeat, justice.

Under the law as established in New York, the State of the residence of Healey, a resident of Vermont being in that State under the circumstances that Healey was here, would be absolutely protected. *Person* v. *Grier*, *supra*. While the parties were trying in this court the very issues that would be involved in the justice suit, and when Healey was here for the sole purpose of testifying in this court, Howe seized upon the opportunity to entangle him in further litigation upon the same question before another court in a distant part of the State. It is difficult to see how this would promote justice, or to see any other purpose than to harass and annoy Healey. It does not appear that Howe has not had his day in court fairly, or that he has not had all the benefit which the law can give him, or even that he could reasonably expect a different result before another just court. Upheld, his proceeding would tend to deter witnesses from coming here from another State to testify. Its tendency generally would be to obstruct the administration of justice. Healey had a right to be here unmolested by such process, not on his own account, but because the privilege is established in law in order that courts may not be obstructed in the administration of justice. As stated in some of the earlier cases, the privilege of the witness was not considered the privilege of the person attending, but of the court which he attends. *Cameron* v. *Lightfoot*, 2 W. Blac. 1190. Healey's presence was deemed essential, and so far as appears

45

was essential to a just determination of the cause. No proper motive seems to have inspired Howe's act, but the reverse. The authorities cited above and other cases establish that the service upon Healey was, under the circumstances, an act in contempt of this court. Whether regarded as an act in violatiou of the order of the court, or as an act interfering with the administration of the court, it was not essential in order to be a contempt that it be done in the immediate presence of the court. See authorities *supra ;* also 11 East, 439 ; 2 Blac. Rep. 1, 113 ; *Gibb* case, K. B. 308 ; 1 Cranch, C. C. Rep. 287 ; Strange, 1094 ; 2 Bish. Cr. L. s. 252.

If the writ had been made returnable to this court, where the former motion was pending, it would have been dismissed on motion. The court would not have taken jurisdiction of a party whose rights were thus invaded. It would be, in effect, a withdrawal of the shield and protection which the law uniformly gives to witnesses. As the court cannot exercise authority directly over the justice case, it ought to apply the only remedy left, which is to punish Howe for his contempt.

It is therefore adjudged that, unless the defendant, Howe, discontinues said justice suit at the next term of Windsor County Court, to which it has been appealed, that he pay a fine of $30 to the clerk for the State of Vermont, and that he be committed until said order be complied with and said suit discontinued.