## ATCHISON v. MORRIS.

*(Circuit Court, N. D. Illinois. March 6, 1882.)*

PRIVILEGE OF WITNESS.

Where a non-resident of the state is in attendance on a trial in the circuit court as a witness in a case therein pending, he is privileged from service of summons in a civil action issued from a state court of such state, and the privilege extends to a reasonable time after the disposition of the cause to enable him to return to his own state; and if in such case he is served with a summons from the state court, the fact that he files in that court a petition and bond for removal under the act of congress does not prevent him from objecting to the service when the case is removed to the circuit court of the United States.

*Quigg & Tuthill,* for complainant.

*Doolittle & McKey,* for defendant.

DRUMMOND, C. J. The defendant, a resident of the town of Sharon, Walworth county, Wisconsin, on the seventh day of February last was subpœnaed, under section 876 of the Revised Statutes of the United States, as a witness in this court on the trial of a cause then pending. In obedience to the subpœna he attended court, and while in Chicago, on the ninth day of February, was served with a writ of summons in this case, issued out of the superior court of Cook county, in this state. The parties in this suit, and in the suit formerly pending in this court, were all different. This cause has been duly removed from the superior court to this court under the act of congress, and an application is now made to set aside the service. It is founded upon an affidavit, from which, and from the admissions of the parties, it appears that the defendant presented himself in court to testify as a witness on the subpœna served upon him; and that while in Chicago, thus in attendance on the court, and before the trial of the case, the summons in this case out of the superior court was served upon him. If the privilege of a witness operated at all upon the defendant, it would protect him so as to give him a reasonable time after the disposition of the cause to go home. It is not claimed in this case that there was any effort to influence the witness to come to Chicago with a view of having the summons served upon him; and the general question in the case may be considered to be this: Whether a person who attends a court in this state as a witness, being a resident of another state, is, while thus in attendance as a witness, subject to the service of process of summons in a civil action. All admit he is not subject to arrest while thus in

attendance as a witness, or while coming or going. The only difficulty is whether he can be served with process of summons; and I have come to the conclusion that he cannot.

It is not necessary to go through all the cases upon the subject, but a few of them may be referred to. In some of the states it has been decided that the privilege of a witness is limited to the case of freedom from arrest. *Catlett* v. *Morton*, 4 Littell, 122; *Legrand* v. *Bedinger*, 4 T. B. Mon. 539; *Sadler* v. *Ray*, 5 Rich. 523; *Hunter* v. *Cleveland*, 1 Brevard, 167; *Page* v. *Randall*, 6 Cal. 32.

In New York and Pennsylvania it is held that the privilege extends, in such a case as this, to freedom from the service of civil process on the witness. *Norris* v. *Beach*, 2 Johns. 294; *Hayes* v. *Shields*, 2 Yeates, 222; *Person* v. *Grier*, 66 N. Y. 124; *Seaver* v. *Robinson*, 3 Duer, 622; *Coburn* v. *Hopkins*, 1 Wend. 292; *Taft* v. *Hoppin*, Anthon, Nisi Prius Rep. 255; *Sanford* v. *Chase*, 3 Cow. 381.

In *Coburn* v. *Hopkins* the court refers to a distinction between the case of a witness resident in the state and one who is a non-resident witness, and attends in the courts of New York. See *Parker* v. *Hotchkiss*, 1 Wall. Jr. 269, for other cases decided in Pennsylvania.

In the federal courts the weight of authority seems to be in favor of the more liberal view of the subject. In *Lyle* v. *Goodwin*, 4 McLean, 29, the question is not presented entirely free from every other consideration, because in that case the service was made while the person (a judge of the supreme court of the state) was actually engaged in the performance of his judicial duties; and therefore it might be said that he was in the same condition as a witness who was in actual attendance in court. If a judge were upon the bench and transacting business in court, it would not, I presume, be claimed that he could be then served even with a summons; but the reasoning of the court in *Lyle* v. *Goodwin* is in accordance with the rulings of the cases in Pennsylvania and New York. In the case of *Lyle* v. *Goodwin*, 4 McLean, 44, another case with the same parties, Judge McLean apparently did not follow all the reasoning of the district judge of the court in the other case; and he held that the service on the defendant in that case, while not actually engaged in the performance of his judicial duties, though about to depart for that purpose, was good.

In *Blight* v. *Fisher*, Pet. C. C. 41, Mr. Justice Washington held that the privilege of a suitor or witness extended only to exemption from arrest. In *Parker* v. *Hotchkiss*, already cited, the case of *Blight* v. *Fisher* is overruled by Judge Kane, and, as he says, with the concurrence of Mr. Justice Grier and Chief Justice Taney, of the supreme

court of the United States. That was a case where the suit in which the person claimed exemption had been dismissed and a summons was issued on the same day and served on him at his lodgings; and, as already stated, the cases in Pennsylvania are cited and approved.

In *Juneau Bank* v. *McSpedan*, 5 Biss. 64, the court decided that where a non-resident defendant came within the state as a party for the purpose of defending his suit, that he could not be served with process in another suit, although the prior suit had been first dismissed; that is to say, he was entitled to his privilege as a party coming, remaining, and going. The court, in *Brooks* v. *Farwell*, 4 FED. REP. 166, decides the question in the same way.

In *Wilder* v. *Welsh*, 1 McArthur, 566, the court held that the privilege of a witness in attendance upon a congressional committee was no higher than that of a member of congress, and that he might be served with summons as a defendant in a suit commenced in that court. A member of congress is, by the express language of the constitution, free from arrest during his attendance upon congress; but it would seem if a witness in court is entitled to freedom from the service of summons, a witness before a committee of congress ought also to be exempt. He can no more disobey the subpœna or order of the committee than a witness can disobey a subpœna issued from a court. And see *Bridges* v. *Sheldon*, 7 FED. REP. 42.

In *Scudder* v. *Union Nat. Bank*, 91 U. S. 406, the question was somewhat discussed. The facts in that case were that Scudder, who was a member of a firm in St. Louis, was sued in Missouri by the Union National Bank of Chicago. While that suit was pending, and testimony being taken in Chicago, Scudder came to Chicago to be present during the taking of the testimony, and while in Chicago he was served with process of summons out of this court by the same plaintiff for the same cause of action; and thereupon the suit in Missouri was dismissed, and the question arose whether the process of summons under those circumstances could be served upon Scudder. It was objected that Scudder was enticed to come into this district in order that he might be served with process, and the suit might be litigated here instead of in St. Louis. There was also a question in the case whether it was necessary for him to be present during the taking of testimony. All that the supreme court in its opinion states upon the subject is this: "It is not necessary to examine the question whether a denial of the motion to set aside the summons can be presented as a ground of error on this hearing; the facts are so clearly against the motion that the question does not

arise." It does not appear what reasons influenced the court to make this statement; whether the principal question in this case was distinctly considered in that, or whether the presence of Scudder was considered unnecessary in the taking of the deposition, or whether he was in a condition to claim the privilege of a party or witness while attending court. See *Plimpton* v. *Winslow,* 9 Fed. Rep. 365; *Matthews* v. *Puffer,* 10 Fed. Rep. 606.

It may be said that thus to extend the privilege of a witness is going very far to protect persons in their attendance on the courts. The answer to this, by the courts which have decided in favor of the privilege, is that a witness who is required to attend a court, especially from another state, should feel he is not subject either to arrest or to the prosecution of a civil suit. He may be a debtor to various parties in the jurisdiction where he is required to attend; and, if he is, he may fear suits, and that may prevent him from attending to testify in a cause; and it is because testimony given by a witness in open court is considered so much more valuable than any other kind of testimony by a witness that the courts have been so liberal in extending his privilege.

Another question made in this case which it is necessary to decide grows out of the fact that the defendant, when he was served with summons, went into the state court and moved, upon petition filed and bond given under the act of congress, that the cause should be removed from the state to the federal court. It is claimed that this was an appearance which admitted the sufficiency of the service upon him, and that it is not competent for him, after those proceedings, to come into this court and move to set aside the service. There was, in fact, no appearance entered in the state court, unless the filing of a petition and the giving a bond constituted an appearance; but I think it was not, in any event, such an appearance as to deprive the defendant of the right to make objection in this court to the service of summons. In fact, it may have been, among other reasons, for the very purpose of objecting to the service of summons the defendant requested that the cause should be removed to the federal court, because in a proper case a party has the right to the opinion of the federal court on every question that may arise in the case, not only in relation to the pleadings and merits, but to the service of process; and it would be contrary to the manifest intent of the act of congress to hold that a party who has a right to remove a cause is foreclosed as to any question which the federal court can be called upon under the law to decide; and I have no doubt this is such a question. Whether, if

the defendant had made a formal appearance, independent of the application for removal, he could have objected to the service of process, is a question it is not necessary to decide here.

For the reasons already given the service of the summons in this case must be set aside.

See *Plimpton* v. *Winslow*, 9 FED. REP. 365.