## LARNED v. GRIFFIN.

*(Circuit Court, D. Massachusetts. July 6, 1882.)*

PRIVILEGE OF SUITORS AND WITNESSES.

Parties and witnesses attending in good faith any legal tribunal, with or without a writ of protection, are privileged from arrest on civil process during their attendance, and for a reasonable time in going and returning; and this immunity extends to all kinds of civil process, and affords absolute protection.

COLT, D. J.   In this case it appears that the defendant was arrested while in Boston, Massachusetts, in attendance before a commissioner acting under a commission issued out of the superior court for Cook county, Illinois, to take the depositions of certain witnesses in a case pending in that court between the same parties, and for the same cause of action as this suit.   The defendant submitted to the arrest, and gave bail.   The suit was first brought in the state court, and afterwards duly removed here.   The only question now before the court is whether the plea in abatement, setting up the privilege of the defendant from arrest, can be sustained.   To decide this we must determine—*First*, whether the defendant was privileged from arrest at the time; *second*, whether his remedy can be enforced by a plea in abatement; *third*, whether submitting to the arrest and giving a bail-bond is a waiver of the privilege; *fourth*, whether answering to the merits is a waiver of the plea in abatement.

It has long been settled that parties and witnesses attending in good faith any legal tribunal, with or without a writ of protection, are privileged from arrest on civil process during their attendance, and for a reasonable time in going and returning.   *Thompson's Case,* 122 Mass. 428; *In re Healey,* 53 Vt. 694; S. C. Reporter, April 5, 1882; *Huddeson* v. *Prizer,* 9 Phila. 65; *Ex parte Hurst,* 1 Wash. 186; *Juneau Bank* v. *McSpedan,* 5 Biss. 64; *Bridges* v. *Sheldon,* 7 FED. REP. 17, 43; *Person* v. *Grier,* 66 N. Y. 124; Bacon, Abr. "Privilege, B," 2; *Meekins* v. *Smith,* 1 H. Bl. 636; 1 Greenl. Ev. § 316.

And this protection extends to the attendance of parties and witnesses before arbitrators, commissioners, and examiners.   *Spence* v. *Stewart,* 3 East. 89; *Arding* v. *Flower,* 8 Term Rep. 534; *Sanford* v. *Chase,* 3 Cow. 381; *U. S.* v. *Edine,* 9 S. & R. 147; *Huddeson* v. *Prizer,* 9 Phila. 65; *Wetherill* v. *Seitzinger,* 1 Miles, 237; *Bridges* v. *Sheldon,* 7 FED. REP. 17, 43; 1 Greenl. Ev. § 317.

It is clear, therefore, that the defendant was privileged from arrest at the time it was made.   But whether his remedy is by plea in

abatement is less free from doubt. Under the old English rule, this immunity was taken advantage of by writ of privilege.

"The only way by which courts of justice could anciently take cognizance of privilege of parliament was by writ of privilege, in the nature of a *supersedeas,* to deliver the party out of custody when arrested in a civil suit. * * * But since the statute of 12 Wm. III. *c.* 3, which enacts that no privileged person shall be subject to arrest or imprisonment, it has been held that such arrest is irregular *ab initio,* and that the party may be discharged upon motion." 1 Bl. Comm. 166.

The more modern way in England has been to raise the question either by motion or by plea in abatement. *Pitt's Case,* 2 Stra. 985; *Cameron* v. *Lightfoot,* 2 W. Bl. 1190; *Meekins* v. *Smith,* 1 H. Bl. 636; *Randall* v. *Gurney,* 3 B. & Ald. 252; Com. Dig., "Abatement," D, 6; 1 Chit. Pl. 443; *Davis* v. *Rendlesham,* 7 Taunt. 679.

In this country the right of privilege has been brought before the court in three ways. By motion: *Ex parte Hurst,* 1 Wash. 186; *Lyell* v. *Goodwin,* 4 McLean, 29, 41; *Juneau Bank* v. *McSpedan,* 5 Biss. 64; *Sanford* v. *Chase,* 3 Cow. 381; *Seaver* v. *Robinson,* 3 Duer, 622; *Harris* v. *Grantham,* Coxe, (N. J.) 142; *Starrett's Case,* 1 Dall. 356; *Hammerskold* v. *Rose,* 7 Jones, (Law,) 629; *Hunter* v. *Cleveland,* 1 Brev. 168; *Henegar* v. *Spangler,* 29 Ga. 217. By *habeas corpus: Ex parte McNeil,* 6 Mass. 264; *Wood* v. *Neale,* 5 Gray, 538; *May* v. *Shumway,* 16 Gray, 86; *Richards* v: *Goodson,* 2 Va. Cas. 381. By plea in abatement: *King* v. *Coit,* 4 Day, 130; *Case* v. *Rorabacher,* 15 Mich. 537; *Julio* v. *Bolles,* 22 Law. Rep. 354; *Gilbert* v. *Vanderpool,* 15 Johns. 242; *Anderson* v. *Rountree,* 1 Pin. (Wis.) 115; *Chaffee* v. *Jones,* 19 Pick. 261, 265; *Hoppin* v. *Jenckes,* 8 R. I. 453.

It is contended by the plaintiff that the common-law privilege of suitors and witnesses never extended so far as to abate the suit, however different the rule may be in case of members of parliament, ambassadors, and attorneys.

Anciently, it would seem, in all cases of privilege, the *supersedeas* which was granted upon a writ of privilege only operated to deliver the party out of custody, and he was still held upon common bail. *Long's Case,* 2 Mod. 181; *Pitt's Case,* 2 Stra. 987; 1 Bl. Comm. 166.

But after the statute of 12 Wm. III. *c.* 3, it was decided in *Pitt's Case,* 2 Stra. 987, that members of parliament, or those entitled to privilege of parliament, should be discharged absolutely, and not upon common bail. See, also, *Cassidy* v. *Steuart,* 4 Scott, N. R. 432; 40 Eng. Com. Law, 450.

The rule, however, with respect to suitors and witnesses was still maintained that while the arrest would be set aside, common bail must be filed,—the suit did not abate. *Cameron* v. *Lightfoot*, 2 W. Bl. 1190.

The early decisions in this country are not harmonious. In some of the older cases the rule was followed that the privilege of suitors and witnesses extends no further than exemption from arrest; that service by summons is legal; and that in cases of arrest common bail must be filed, or a general appearance entered. *Blight* v. *Fisher*, Pet. C. C. 41; *Hunter* v. *Cleveland*, 1 Brev. 16; *Taft* v. *Hoppin*, Anthon, N. P. 255; *Booraem* v. *Wheeler*, 12 Vt. 311; and the more recent case of *Bishop* v. *Vose*, 27 Conn. 1.

In other cases, however, we find the right extended, and a more complete protection afforded suitors and witnesses, the discharge from arrest being absolute, and service by summons held illegal. *Hayes* v. *Shields*, 2 Yeates, 222; *Miles* v. *McCullough*, 1 Binn. 76; *U. S.* v. *Edme*, 9 S. & R. 147; *Norris* v. *Beach*, 2 Johns. 294; *Sanford* v. *Chase*, 3 Cow. 381; *Harris* v. *Grantham*, Coxe, (N. J.) 142.

Whatever may have been the earlier view, we have no doubt that the tendency in this country has been to enlarge the right of privilege so as to afford full protection to suitors and witnesses from all forms of process of a civil character during their attendance before any judicial tribunal, and for a reasonable time in going and returning. Let us pursue the subject a little further. The case of *Blight* v. *Fisher*, Pet. C. C. 41, decided in 1809 by Justice Washington, holding that a service of summons upon a witness is good, is distinctly overruled in the later case of *Parker* v. *Hotchkiss*, 1 Wall. Jr. 269, the court stating that the opinion met with the approval of Chief Justice Taney and Justice Grier. See, also, the elaborate opinion in *Lyell* v. *Goodwin*, 4 McLean, 29, to the effect that a judge about to start on his circuit is not liable to be served with summons, his privilege being as extensive as that of a suitor or witness or juror of the court. The same view is expressed in *Juneau Bank* v. *McSpedan*, 5 Biss. 64; *Bridges* v. *Sheldon*, 7 FED. REP. 17, 43.

In the earlier cases in New York, a distinction was taken between resident and non-resident suitors and witnesses. In the case of non-residents an absolute discharge was granted. *Norris* v. *Beach*, 2 Johns. 294. But in the case of residents common bail had to be given. *Bours* v. *Tuckerman*, 7 Johns. 538.

Referring to these two decisions in *Sanford* v. *Chase*, 3 Cow. 381, the court observed: "We adopt the first case; the privilege of a wit-

ness should be absolute." In the recent case of *Person* v. *Grier*, 66 N. Y. 124, the court declare that any distinction between residents and non-residents is doubtful, and the broad ground is taken that this immunity is one of the necessities of the administration of justice, and that courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process. *Seaver* v. *Robinson*, 3 Duer, 622; *Merrill* v. *George*, 23 How. Pr. 331.

The case of *Taft* v. *Hoppin*, (1816,) Anthon, N. P. 255, which decided that the defendant, a non-resident suitor, should be held upon common bail, was rendered at *nisi prius*, and in view of the prior case of *Norris* v. *Beach*, 2 Johns. 294, and of the subsequent decisions in the highest court of the state, it can hardly be deemed authority.

In Pennsylvania, from an early period, complete immunity seems to have been extended to suitors and witnesses. *Miles* v. *McCullough*, 1 Binn. 77; *Hayes* v. *Shields*, 2 Yeates, 222; *U. S.* v. *Edme*, 9 S. & R. 147; *Holmes* v. *Nelson*, 1 Phila. 217.

"It is alike the privilege of the person and the privilege of the court. It renders the administration of justice free and untrammelled, and protects from improper interference all who are concerned in it," say the court in *Huddeson* v. *Prizer*, 9 Phila. 65.

In New Jersy, also, a full discharge is granted. *Harris* v. *Grantham*, Coxe, (N. J.) 142.

In Massachusetts it was held by Judge Morton in *Julio* v. *Bolles*, 22 Law Rep. 354, that a foreign witness was protected from summons. In that case a plea in abatement had been filed, which was demurred to by the plaintiff. In overruling the demurrer the learned judge observes: "If this service was illegal, the jurisdiction fails and the writ should be abated."

In Vermont, we are referred by plaintiff's counsel to the case of *Booraem* v. *Wheeler*, 12 Vt. 311, which holds a plea in abatement bad in the case of a witness arrested while attending court; the court maintaining that it has never been held that a man's property may not be attached, or he be served with a summons, while attending court as a witness or suitor. What is wanted is that the suitor or witness may give uninterrupted attendance at court; that this object is not secured by abating the writ, for the question may not be heard until long after the court he was attending had closed its session. The legal object can be and always has been better secured by the summary proceeding of a motion to the court to release the person *for the time being*, or by *habeas corpus*.

v.12,no.7—38

But the views here expressed of the extent of the privilege of suit-ors or witnesses are clearly inconsistent with the latter case in Vermont of *In re Healey*, (1881,) 53 Vt. 694, which declares a service by summons upon a witness to be illegal. The court, citing *Person* v. *Grier*, 66 N. Y. 124, and other cases, remark: "In the case of a non-resident suitor or witness, the weight of authority is to the effect that the immunity is absolute from the service of any process, unless the case is exceptional." And it is further declared that if the writ had been made returnable to that court it would have been dismissed upon motion; the court would not have taken *jurisdiction* of a party whose rights were thus invaded, for to do so would be in effect a withdrawal of the shield and protection which the law uniformly gives to wit-nesses.

Whether this plea in abatement shall be sustained or not, turns upon the view taken of the extent and character of the privilege to which suitors and witnesses are entitled. If we adopt the older and narrower view, that this is wholly the privilege of the court rather than of the suitor, and therefore a question of judicial discretion rather than of personal right; and further, that while the offender may be punishable for contempt if the arrest is made in the actual or con-structive presence of the court,—still the suitor or witness can only ask to have the arrest set aside upon giving common bail, or entering a general appearance; then the suit does not abate, and the present plea is bad. But if we adopt the broader rule, which it appears to us is clearly warranted by the more recent decisions in the federal and state courts, and which in our opinion is necessary to the due administration of justice, that this immunity extends to all kinds of civil process, and affords an absolute protection, then we see no good reason why a plea in abatement is not proper here, as in other cases of privilege where an absolute discharge is granted, and where the plea is held good. See authorities before cited.

The plaintiff contends that the defendant submitted to the arrest, made application to give bail, and entered into a bond, and that this constitutes a waiver of his privilege. We do not think this sound, though we are aware that some cases seem to point in this direction: *Fletcher* v. *Baxter*, 2 Aiken, (Vt.) 224; *Brown* v. *Getchell*, 11 Mass. 11, 14.

The question, however, was directly passed upon in *U. S.* v. *Edme*, 9 S. & R. 147, 149, and it was there decided that the giving of a bail-bond is so far from waiving the privilege, that the court, when they discharge, will order it to be delivered up and cancelled.

"It is not esteemed any good ground for presuming a waiver of privilege from arrest, because the person takes the ordinary and most expeditious mode of freeing himself from arrest." *Redfield*, J., in *Washburn* v. *Phelps*, 24 Vt. 506.

It appears in this case that an answer to the merits was filed with the plea in abatement. It has been decided that in Massachusetts the validity of neither is affected by their being pleaded together, and that the plea in abatement is not thereby waived. *Fisher* v. *Fraprie*, 125 Mass. 472; *O'Loughlin* v. *Bird*, 128 Mass. 600.

Upon the whole we are of the opinion that the plea in abatement should be sustained.

Action dismissed.

See *Atchison* v. *Morris*, 11 FED. REP. 582; *Plimpton* v. *Winslow*, 9 FED. REP. 365; *Matthews* v. *Puffer*, 10 FED. REP. 606, and note.