*James Tillinghast, James M. Ripley, Joseph C. Ely, Arthur L. Brown & John T. Blodgett*, for different respondents.

─────

CHARLES F. BALDWIN, RECEIVER, *vs.* HENRY P. EMERSON.

In Rhode Island a non-resident suitor attending court in the matter of his suit is not exempt from the service of a writ of summons against him in another suit.

EXCEPTIONS to the Court of Common Pleas.

*July* 14, 1888. MATTESON, J. This is an action of *assumpsit* brought in the Court of Common Pleas, the writ in which was served by summoning the defendant. The defendant pleaded in abatement of the suit that, at the time of the service, he was a citizen of Boston, Massachusetts, and was in attendance upon this court in a suit in which he was plaintiff, and the present plaintiff was defendant. The plaintiff demurred to the plea, and the defendant joined in the demurrer. The court, upon hearing, sustained the demurrer and overruled the plea. The defendant thereupon excepted, and now petitions for a new trial, alleging that the ruling was erroneous.

The question whether a party in attendance upon a court, in the prosecution or defence of a suit, is privileged from the service of a summons for the commencement of a suit against him, is one upon which there has been a contrariety of decision. The gen-

eral rule relating to protection from the service of process is, that all persons who have any relation to a cause which calls for their attendance in court are protected from arrest while going to and attending court and returning. This protection, however, is not wholly, nor chiefly, the privilege of the person, but is granted in the interest of the public, that the courts may not be embarrassed or impeded in the conduct of their business. Hence, it has generally been held, that the protection is limited to exemption from arrest and does not extend to the service of process which does not interfere with or prevent the attendance of the person upon the court. *Bours* v. *Tuckerman*, 7 Johns. Rep. 538; *Hopkins* v. *Coburn*, 1 Wend. 292; *Hunter* v. *Cleveland*, 1 Brev. S. Car. 167; *Sadler* v. *Ray*, 5 Rich. 523; *Legrand* v. *Bedinger*, 4 T. B. Mon. 539; *Grove* v. *Campbell*, 9 Yerg. 7; *Page* v. *Randall*, 6 Cal. 32. In *Hayes* v. *Shields*, 2 Yeates, 222, and *Miles* v. *McCullogh*, 1 Binney, 77, however, it was held that exemption should be granted from summons as well as arrest, the reasons assigned in the former case being that the party's attention to his own business in the suit depending would be distracted by the service, and that he might be subjected to the inconvenience of attending an action at a distance from his place of abode, contrary to the wise indulgence of the law.

In some of the cases the question, whether non-residents of the state attending court are entitled to protection from the service of a writ by summons for the commencement of a suit, has been considered.

In *Bishop* v. *Vose*, 27 Conn. 1, the defendant, a resident of another state, had come into Connecticut to attend the trial of a suit which he had caused to be brought in one of the courts of that State, and it was held that he was not exempt from the service of a summons, the fact that he came from another state not putting him on any better footing than if he had been a resident of the State. Subsequently, it was held in *Wilson Sewing Machine Co.* v. *Wilson*, 22 Federal Reporter, 803; 51 Conn. 595, that a non-resident defendant, who was in attendance upon the court in the trial of his case, his presence being necessary, both as a witness and for the purpose of instructing his counsel, was protected from the service by summons of a new writ against him. The

court, however, expressly limited its decision to the case of a non-resident defendant, suggesting that there is, perhaps, a reason why a plaintiff who has voluntarily sought the aid and protection of the courts of another state should not shrink from being subjected to their control, which does not apply to a defendant whose attendance is compulsory.

In New York, while it has been held that the protection is from arrest only, and not from service of a summons, an exception has been made in favor of non-resident witnesses. *Norris* v. *Beach*, 2 Johns. Rep. 294; *Sanford* v. *Chase*, 3 Cow. 381; *Hopkins* v. *Coburn*, 1 Wend. 292; *Seaver* v. *Robinson*, 3 Duer, 622; *Pollard* v. *Union Pacific R. R. Co.* 7 Abb. Pr. N. S. 70 ; *Person* v. *Grier*, 66 N. Y. 124; *Jenkins* v. *Smith*, 57 How. Pr. 171. The grounds upon which this exception rests are, that witnesses from out of the state, being beyond the reach of subpœna, cannot be compelled to attend. Hence, if they attend at all, their attendance must be voluntary, and as their attendance is often necessary for the ends of justice, especially in criminal trials in which the accused is entitled to be confronted with the witnesses against him, and as the liability to be served with summons for the commencement of a suit in another jurisdiction than that of their residence might as effectually deter them from attending as the liability to arrest, public policy requires that they should be protected against such service, as well as arrest, as an encouragement to them to attend. In *Merrill* v. *George*, 23 How. Pr. 331, a non-resident defendant who was in attendance as a *witness* was held privileged, not only from arrest, but from any action brought against him. The court did not, however, base the right to exemption on the ground that the non-resident was a defendant, but that he was a witness. Notwithstanding the above decisions, which might well have been considered as settling the rule in New York, it was held in a recent case in that State, *Matthews* v. *Tufts*, 87 N. Y. 568, that service by summons could not be made upon a non-resident creditor of a bankrupt, attending a meeting of creditors before a register in bankruptcy for the choice of an assignee. The court in its opinion takes no notice of the earlier decisions, and refers to but two prior New York cases, viz.: *Person* v. *Grier*, 66 N. Y. 124, in which, as we have seen, the court rested its decision on the ground

that the non-resident defendant was a witness, and *Van Lieuw* v. *Johnson*, an unreported case cited in *Person* v. *Grier*, in which, it is said, the court decided that a non-resident defendant while attending court could not be served with summons.

In Minnesota, in *Sherman* v. *Gundlach*, 24 Reporter, 335, it was also held that a non-resident witness who had in good faith come into that State to give evidence in a cause is exempt from the service of a summons against him in a civil action in coming, in attendance, and for a reasonable time thereafter, in which to return.

In New Jersey, suitors from other states are privileged from the service of a summons. *Halsey* v. *Stewart*, 4 N. J. Law, 366, in which the non-resident was a plaintiff; *Dungan* v. *Miller*, 37 N. J. Law, 182, which was the case of a non-resident defendant.

In the United States Circuit Court for the third circuit, embracing Pennsylvania and New Jersey, the same doctrine was held in relation to a non-resident defendant. *Parker* v. *Hotchkiss*, 1 Wall. Jun. 269. And so, also, in the United States Circuit Court for the seventh circuit, in the District of Wisconsin, in *Juneau Bank* v. *McSpedan*, 5 Biss. 64.

The reasons assigned for the exemption of non-resident suitors from the service of a summons are that courts of justice ought to be open and accessible to suitors; that they ought to be permitted to approach and attend the courts in the prosecution of their claims and the making of their defences without the fear of molestation or hindrance; that their attention ought not be distracted from the prosecution or defence of the pending suit; that they might be deterred from prosecuting their just rights or making their just defences to a suit by reason of their liability to suit in a foreign jurisdiction. While we concede the force of the reasons advanced for protecting non-resident witnesses from the service of a summons against them for the commencement of a suit, *eundo*, *morando et redeundo*, we are not convinced of the sufficiency of the reasons assigned for the exemption of non-resident suitors from such process. We think it would rarely happen that the attention of a non-resident plaintiff or defendant would be so distracted by the mere service of a summons from the immediate business in hand, in prosecuting or defending a pending suit, that

the interests of justice would suffer in consequence, or that the liability to such service would often deter them from prosecuting or defending their just claims or rights. The reasons assigned for the exemption would apply equally as well to resident as to non-resident suitors, and it has never been deemed necessary to exempt resident suitors from the service of a summons, so far as we have been able to find, except in the single State of Pennsylvania. We think the reasons are fanciful rather than substantial. We are of the opinion, therefore, that a non-resident suitor attending court in the prosecution of a suit is not exempt from the service of a summons against him in another suit. The petition for a new trial is denied and dismissed, with costs.

*Exceptions overruled.*

*Charles F. Baldwin & Irving Champlin,* for plaintiff.
*Edward D. Bassett,* for defendant.