<hr/>

(30 Misc. Rep. 386.)

### CAKE v. HAIGHT.

(Supreme Court, Special Term, New York County. January, 1900.)

1. PROCESS—SERVICE—ATTENDANT ON TRIAL.

A resident who had been sojourning out of the state to avoid service of process, and voluntarily came within the state to testify in a legal proceeding, and attend as a party, could not be served with process while coming, attending court, or returning, provided he returned with reasonable dispatch.

2. SAME—RETURN HOME—REASONABLE DISPATCH.

A sojourner in Jersey City, who came to New York City to attend a trial, and, when the case was not called, remained till half past 7 in the evening, was not exempt from service of process, since he did not return with reasonable dispatch.

Action by Horace M. Cake against Henry Jansen Haight. Motion to set aside the service of a summons. Denied.

D. J. M. O'Callaghan, for the motion.
Murray, Bennett & Ingersoll, opposed.

BEEKMAN, J. The defendant was served with the summons in this action in the city of New York on November 13, 1899. He now moves to set the service aside on the ground that he was then within the state for the sole purpose of attending the trial of an action which was then pending in this court, and triable in this county, and that he was privileged from the service of process upon him while here for that reason. He does not claim that he was, in a strict sense, a nonresident of the state, but that since about March, 1898, he has been sojourning at various places in the state of New Jersey, and that since May 2, 1899, he has been residing at No. 98 Mercer street, in Jersey City, in said state, sleeping there every night except during the few days when he was in this city in attendance at the trial of the separation suit. It appears, however, that in July last the defendant se-

cured a change of venue in the action for a separation from Orange county to New York county on the ground that his wife was a resident of this county, based upon his claim that her residence followed his, which had always been in this county. It is also shown that he was a witness upon the trial of that action, and testified, with respect to his residence, that he was greatly in debt; that he had been staying in New Jersey for the sole purpose of avoiding his creditors, and that for that reason he did not go to his residence in New York City, except upon Sundays and legal holidays, and occasionally on week days; that such had been his habit up to the commencement of the said action for a separation, but that he had regarded, and still did regard, and claimed, his apartments at No. 124 West Ninety-First street, in this city, as his proper and legal residence, and that he had paid the rent for the same. The service of the summons in this action was made on November 13, 1899, prior to the giving of the above testimony. It appears that the cause was on the day calendar of the special term for the first time on Friday, November 10th, being the twenty-second case thereon. It again appeared on said calendar as the seventeenth case on the following Monday, which was the day on which the summons herein was served. The defendant swears that on Saturday, the 11th, he voluntarily came from the state of New Jersey into this state for the sole purpose of attending as a party and a witness at the trial of said action for a separation, and with intention of returning to his "said actual temporary residence and home in the state of New Jersey" immediately upon the completion of said trial. The cause was not reached on the 13th, nor until some nine days thereafter, when it was finally called, and the trial proceeded. On the 13th, when the service complained of was made, the defendant had not been in attendance at the court room, but was found at half past 7 in the evening at the Everett House, in this city, writing a letter, at which hour and place the service was made. It seems from the affidavit of one Hunt, who was present at the time of the service, that on that occasion he was told by the defendant, and afterwards by the private secretary of the latter, that, pending the trial of said action, and the preparation for the same, he (the defendant) had not been spending his nights in New York, but had been going back and forth from New Jersey; that this had been done by the advice of counsel, who feared service of process upon him; and that he was in the habit of going to New York in the afternoons to advise with counsel, and thereafter immediately returning to New Jersey. This substantially portrays and characterizes the situation of the defendant, a resident of this city, tenaciously clinging to his residence here, and all the rights flowing from it, but temporarily sojourning in the state of New Jersey for the sole purpose of placing himself beyond the reach of his creditors and the process of the courts in this state. The law is undoubtedly well settled that where a nonresident of the state voluntarily comes within it for the purpose of giving testimony in an action or proceeding pending therein, or, if he be a party, for the purpose of attending the trial or some proceeding in the matter, he cannot be served with process here while coming into the jurisdiction, while he remains in attendance upon the court, or while returning to

his place of residence, provided he returns with reasonable dispatch after the occasion for which he came has been fulfilled. Person v. Grier, 66 N. Y. 124; Matthews v. Tufts, 87 N. Y. 568; Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L. R. A. 45. It is said in Person v. Grier, supra, that:

"This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process. Witnesses might be deterred, and parties prevented from attending, and delays might ensue, or injustice be done."

It will thus be seen that the rule is one founded on considerations of public policy, and, within its own proper limitations, should be liberally construed and applied. It has accordingly been held that a domicile elsewhere was not essential to the privilege. That question was discussed in the case of Thorp v. Adams (Sup.) 11 N. Y. Supp. 479, where the person affected had separated from his wife in New York, and gone to Boston, where he had lived for some years. Coming thence to this city for the purpose of giving testimony before a legislative investigating committee, he was served here with a summons in an action brought against him in this state. Waiving the question as to whether he was still a resident of New York or not, the court said:

"It is enough that, being a resident for the time being of Boston, with the intention of continuing his stay beyond the period when his examination might take place, he came here only for the purpose of appearing as a witness, and with the intention of returning to Boston when that object was accomplished."

There is considerable difference between this case and the one at bar, but it is a difference of degree, and not of principle. The defendant here, though a resident, had been sojourning in New Jersey for some months. He came into this state to attend the trial of his cause, and, considering the reasons which prompted him to leave it in the first instance, it may well be believed that he intended to return to his place of refuge as soon as he considered the limit of his privilege had been reached. It certainly seems at first blush to be a startling proposition that a resident can leave the state for the purpose of avoiding the service upon him of process issuing out of its courts at the suit of his creditors, and yet be protected by the state against such service upon his re-entering it for any purpose. If the principle of exemption which we have been discussing were founded merely upon considerations of personal benefit and advantage to the litigant, there would be abundant justification for holding the present case to be an exception to the rule. But, as we have seen, the rule rests upon a broader, and, in a certain sense, upon a different, foundation than mere personal convenience, and I am not prepared to hold that the defendant was not, up to a certain point, entitled to its protection. That limit, however, was, in my opinion, reached before the time when the summons was served upon him. He had the benefit of his privilege while remaining in the state, so long as the occasion which called for his presence there required it, and for a reasonable time thereafter in returning to the place from which he came. But what the occasion may require, and what a reasonable time for returning may be, depends very largely upon the particular facts of each

case. It is apparent that the distance of the place of residence from the place of attendance in this state is of considerable importance. What would be permissible where that is remote would not be so where the reverse exists. Where, as was the case here, the cause is on the day calendar, ready for trial, and only awaiting the disposition of those preceding it, a party or witness coming from a place to which it would not be reasonable to expect him to return as each court day closed would be entitled to remain here continuously until the trial terminated, or his examination was concluded. But it seems to me that the measure of the privilege is different where the place of residence or sojourn is as near as it was in the present case. The defendant resided or was sojourning in an adjacent city, from which thousands come daily into this city for the transaction of their business here, returning in the evening to their homes. It is accessible by ferryboats, which are continually plying between the two places, and is as conveniently situated with respect to the courts as are the middle and upper parts of this city. Indeed, as the proofs show, when defendant desired to consult his counsel with respect to the preparation of his case for trial he had been in the habit of returning each day to Jersey City after his consultations here were over. What possible reason, then, existed for his failure to return as usual to his residence in New Jersey on the afternoon of the 13th? None is disclosed, except that he preferred to remain in this city overnight, as he actually did. His remaining was solely for his own pleasure, and not occasioned or prompted by any consideration affecting the approaching trial. The situation of the defendant, then, was such that when, on the day on which he was served, it became certain that his case would not be called, the occasion for his remaining ceased, and it became his duty to return to his place of sojourn in Jersey City. This he neither did nor intended to do, and the conclusion to which I have come is that under the facts appearing here he had lost the protection of the rule he invokes at the time the service upon him was made. Considering the purpose of defendant's actual residence in New Jersey, he is not entitled to more than the rule in any case imperatively requires. To give it the least expansion in his favor would be a mockery of justice. It follows from what has been said that the motion should be denied.

Motion denied, with $10 costs.