In the Matter of Supplementary Proceedings: Arch R. Sampson, Judgment Creditor, *v.* Nalson Z. Graves, Judgment Debtor.

Supreme Court, New York Special Term, January, 1924.

**Process — service of order on non-resident — presence of judgment debtor in appellate court to hear argument of his counsel not necessary to promote due administration of justice — service legal.**

While a judgment debtor, a resident of Philadelphia, Penn., was leaving for that city after attending the Appellate Division to listen to the argument of his counsel on the appeal from the judgment, he was served with an order for his examination in proceedings supplementary to an execution duly issued and returned unsatisfied upon said judgment. *Held*, that the service of said order was proper and legal, and a motion to set aside the same will be denied.

The presence of the judgment debtor in court to observe " the manner in which the argument in his behalf was presented to and received by the court " as stated in the moving affidavit of his counsel was not necessary to promote the due and efficient administration of justice.

Motion to vacate service of order for examination of judgment debtor.

*Laughlin, Gerard, Bowers & Halpin,* for judgment creditor.

*Konta, Kirchwey & Michael,* appearing specially for judgment debtor for the purposes of this motion only.

Burr, J. Motion to vacate service of an order for the examination of the judgment debtor. The action brought by plaintiff against the defendant was for commissions. After a protracted trial a verdict was rendered in favor of plaintiff, on which a judgment was duly entered against defendant and execution thereon was duly issued and returned unsatisfied. From that judgment defendant appealed. It was while the defendant, who is a resident of Philadelphia, Penn., was leaving for that city, after attending at the Appellate Division to listen to the argument of his counsel on the appeal, that he was served with the order for his examination in supplementary proceedings. From the affidavit of his attorney filed in support of this motion to vacate the service of the order it appears that his attorney requested him to " be present during the argument of the appeal in order to form his own impression of the manner in which the argument on his behalf was presented to and received by the court and in order to discuss with me the

probable outcome of said appeal upon the conclusion of the argument." " It is the policy of the law to protect suitors and witnesses from arrests upon civil process while coming to and attending the court and while returning home. Upon principle as well as upon authority their immunity from the service of process for the commencement of civil actions against them is absolute *eundo, morando et redeundo.*" *Person* v. *Grier,* 66 N. Y. 124. The exemption of a party or a witness while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party, or in which he is to be sworn as a witness, is a very ancient privilege. It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues involved. It is not simply a personal privilege, but it is also the privilege of the court and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice. *Parker* v. *Marco,* 136 N. Y. 585. In explanation of the reason for the rule the court said in *Person* v. *Grier, supra:* " This immunity is one of necessities to the administration of justice, and courts would often be embarrassed if suitors or witnesses while attending court could be molested by process. Witnesses might be deterred, and parties prevented from attending and delays ensue or injustice be done." In *Netograph Manufacturing Co.* v. *Scrugham,* 197 N. Y. 377, 380, Judge Werner, writing for the court, said in reference to this immunity: " It is not only not a natural right but it is in derogation of the common natural right which every creditor has to collect his debt by subjecting his debtor to due process of law in any jurisdiction where he may find him. The privilege should, therefore, not be extended beyond the reason of the rule upon which it is founded." The reason upon which the rule was founded is absent in this instance, and, therefore, the immunity does not apply to the defendant. The presence of the defendant judgment debtor on the argument of his appeal in order to observe " the manner in which the argument in his behalf was presented to and received by the court " was not necessary to promote the due and efficient administration of justice; nor do I believe that the appellate court would have been embarrassed in any degree by defendant's absence. The service of the order in supplementary proceedings was proper legal service, and the motion to set it aside is denied, with ten dollars costs.

Ordered accordingly.