Wood, C. J.
The principal question, in the case before us, has its origin in the second and third reasons assigned in the motion for a new trial: Whether the defendants can set off against the value of the plaintiff's property, appropriated for public %ises, any increased benefit, arising from the improvements, made by the city, to the balance of the lot?
It is insisted by the defense, that the court erred in rejecting the evidence offered on the trial, of the difference in value of the plaintiffs’ premises, before and after the improvement made, by widening the street; and that the court should have instructed the jury to consider the benefits resulting from the improvement, to the residue of the lot, in estimating the damages.
It is not denied by the plaintiffs but what their property is subject to the public use, when the necessity of the community de-mands its surrender. The right of eminent domain is an incident to sovereignty, and exists in every government. Private mischief, rather than public, of necessity must be endured. The obligation to make compensation, however, follows thjs right, as the shadow does the substance, and is concomitant with it. It is not in all countries a legal obligation; but it is an obligation of natural equity and justice everywhere. That this right of eminent domain may be conferred, not only on municipal ^corporations, but private, can not at this day be questioned, without upsetting the legislation of Ohio for half a century, and the repeated adjudications of our own courts and those of our sister states. 1 Kin. Com. 218.
It is, however, incorporated into our organic law, that compensation in money shall be made to the owner, whenever his property is appropriated for the public welfare. Not as a condition precedent to the appropriation; but provision must be made by law for the assessment of the damages the owner of the property will sustain, in some fair and equitable manner, and before some corn- *175 potent tribunal, where the parties can bo heard; and payment must be provided for, from an unquestionable fund, by law, before permanent possession of property can be taken, or its appropriation made, in the exercise of this incident to sovereign power.
It is contended by the plaintiff’s counsel, that, by compensation to the owner in money, as the words are employed in the constitution, is signified the actual value of the property appropriated, in money, subject to no deduction whatever! Wo can not adopt this opinion. If such were the intention of its authors, they probably would have used language like this: Provided the value of the property be paid, in money, to the owner.
That just, full, -and adequate compensation must be made, and in money, is certain ; more can not bo required; but if, in appropriating property of the value of $4,000, when, by the same appropriation, the value of what remains is increased $2,000 and the value of the property taken is the rule of damages, the owner actually takes $2,000 without the least consideration, and receives more than the constitution enjoins to be paid, because it is more than a compensation.
Other cases may occur where the full value of the property will not be a just compensation. His house may be taken down, and he and his family thrown out of employment, and, in addition to the value of his house, he would clearly be entitled *to consequential damages, or he would not receive full compensation.
The word compensation imports, that a wrong or injury has been inflicted, which must be redressed in money. Money must be paid to the extent of the injury, whether more or less than the value of the property; and then, in our view, is the language of the constitution satisfied.
We are confirmed in our opinion of the correctness of the construction we place on the word compensation, as employed in the constitution, from the fact that such construction has obtained and been acquiesced in, from a period not far short of the organization of the state government. In the opening of roads, constructing turnpikes, and appropriating lands for canals, benefits conferred have been constantly and unceasingly deducted from the value of the property, or damages otherwise sustained. Long contemporaneous construction of an instrument is seldom erroneous, and is always deserving of great consideration, when the meaning of the instrument is obscure.
*176 Under a similar provision, tho Supreme Court of Kentucky is the only tribunal of which we are aware, that has come to a different conclusion. 1 Dana; 9 Dana.
We think the court erred in rejecting the testimony offered, and in the instruction it gave tbe jury; and that a new trial should be granted.
It is, therefore, unnecessary to consider the other points made.