Johnson, C. J.
From the foregoing statement the undisputed conclusions of fact and law are :
1. That Lemert obtained possession of the property in the replevin suit, under a claim to a special property and right *5 to hold the same, by virtue of a lieu thereon, for services rendered at the request of the sheriff; said property being delivered to him in the replevin suit by the constable, on his giving a replevin bond in double its appraised value, conditioned that he would duly prosecute his action and pay all costs and damages that might be awarded against him.
2. That the verdict and judgment against him in the action in replevin is in full force, and, as between these parties, conclusively determined that Lemert had no special ¡property, nor right of immediate possession therein, and that Lugenbeal, as owner or mortgagee was the sole owner and legally entitled to the possession, except only so far as the plaintiff acquired title by his suit in replevin.
3. That after said verdict and judgment Lugenbeal took and converted the property to his own use, whereupon Lemert brought his action as owner, to recover its full value, basing his right solely on the title acquired by the proceedings in re-plevin.
The issues joined conceded that the ownership and right of possession was in Lugenbeal, as settled in the replevin suit, but Lemert claimed, and so the court charged, that by virtue of the action in replevin, and the receipt of the property on his giving the bond and the verdict and judgment therein, a new and independent title was created, which vested in him, as absolute owner, by virtue of the statute, paramount to that of of the actual owner, and that no evidence was admissible on behalf of this general owner to establish his title prior to the commencement of the action in replevin, nor to reduce the damages below the value of the property
Under this holding, Lemert received a verdict for the full value of the property as general owner, although he never claimed but a lien thereon for something like one-third its value, and although it had been conclusively determined that this claim was unfounded, and that he 'had no right whatever in the property.
This anomalous result is sard to be the legal effect of the re-plevin verdict and judgment against the plaintiff, whereby a new and paramount title to the whole ownership was vested in him.
*6 It is conceded that if that verdict and judgment had been in his favor it would have vested in plaintiff a special ownership only to the extent of his lien, and that when that was satisfied, Lugenbeal would then be entitled to resume his possession as general owner.
In such a case it is said in the brief of defendant in error; “ No person entitled to a mere possession or other special interest in personal property can inorease that interest by getting a verdict and judgment in his favor in replevin. If he win in such a suit, so soon as his special interest is at an end the real owner becomes entitled to possession. ”
If by winning he cannot increase his interest from that of a special to a general owner, it is difficult to discover upon what principle he can increase that interest by losing a claim of special ownership.
Again, the verdict and judgment in defendant’s favor entitled him to compensation, but none was given, and the result claimed is, to take from the owner his property without compensation, which is in violation of his constitutional right.
As the bond was to “pay all costs and damages that may be awarded against him Lemert’s bond was not liable for compensation because there was no award against him, except for costs.
The trial resulted in a judgment in favor of Lemert for the fnll value of the .property, so that in order to enjoy his own property, the owner must pay that value to one not having a scintilla of right, except as derived from the proceedings in replevin.
The pleadings, and the evidence offered which was excluded, show that the sheriff had seized this as the property of one Mason, and had left it with Lemert to be kept, and that for this service he asserted a lien, and replevied it from Lugenbeal, who claimed ownership adversely to the levy of the sheriff and of his bailor, Lemert. Hence, the verdict and judgment in the replevin suit of Lemert v. Lugenbeal, settled nothing as between the sheriff’s levy and Lngenbeal’s claim. As between them the former could have main *7 tained replevin or trover against the latter, and if he established Mason’s title, as against that of the latter, could have recovered, thus subjecting him to a judgment in the sheriff’s favor, for the property, or its value to the extent of his execution, notwithstanding Lemert had already recovered its full value. So that Lugenbeal, the acknowledged owner as against Lemert, would not only be deprived of his property without compensation, but would be compelled to pay its full value to Lemert, and also be again deprived of it by the sheriff, or pay him its value, if the sheriff’s levy was paramount. Such a result may well lead us to inquire upon what principle it is founded..
The claim is: that the title of the plaintiff in replevin is a new one, derived from the possession- under the re-plevin bond, and that the verdict and judgment in that action vests an absolute ownership in the plaintiff, in no way depending on the amount of the compensation adjudged to defendant; and that if the jury erred in giving defendant no compensation, he could have corrected that by prosecuting an appeal, or upon error. In short the claim is founded upon a remark of Judge Read in Jennings v. Johnson, 17 Ohio, 155, that in replevin : “ The bond takes the place of the property to the extent of the interest of defendant in replevin.”
That remark was made when the defendant was the sheriff, claiming under a levy made on property as belonging to one Warner, which was taken from him by a writ of replevin issued by one Johnson.
The trial resulted in a verdict for the sheriff, and the sole question was as to the rule of damages, which the sheriff was entitled to recover. The court held that, if the value of the property exceeded the amounts of the writ, the amount due on the latter was the rule, but if it did not, then the value of the property. The sheriff is here treated as having a special interest in the property, and entitled to recover to the extent of that interest, and it is therefore said: “but the judgment debtor is no party to the replevin suit, and we leave him to prosecute such remedies as he may have against any person who wrongfully obtains possession of his property.”
*8 Again, it is there said, if the plaintiff in replevin was the fraudulent assignee of the debtor, no one would claim that the sheriff could recover the full value, in order to return the balance to the fraudulent debtor.. The only point here decided was that the sheriff, who had a special ownership, could not, as defendant in replevin, recover beyond the extent of his interest, if the value of the property exceeded that interest, and to that extent the bond took the place of such interest. This clearly recognizes the principles that the rule of damages in such a case is to be determined by the extent of the title established in reple-vin, and not by the fact that a new title is thereby created.
In remarking upon this case in Williams v. West, 2 Ohio St. 87, Judge Thurman says: “ For as the replevin transferred only the special property, it left untouched the right of the judgment debtor, who was no party to the suit.” In the latter case it was decided that the gist of the action is the unlawful detention of the property, and therefore a general owner is liable to a special owner for such detention.
Rut it is claimed, that in an action of replevin by a special, against a general owner, when possession is acquired under a bond, the general owner can never recover the same property by replevin or its value in trover, though the special ownership has ceased, or shown to be unfounded, because the statute requires an affidavit that the property was not taken by any writ of replevin. As was shown in Williams v. West, this is too literal a construction, and does not prevent the general owner from maintaining replevin after the special ownership has ceased.
So it is there said, if a judgment debtor pay off a judgment after levy, he may replevin the property. So also in case of a tax or amercement, though the statute expressly provides that the affidavit must state that the property was not taken in execution, or for the payment of any tax, fine or amercement, or by virtue of any order of delivery.
This question again arose in Smith v. McGregor, 10 Ohio St. 461. That was replevin by one claiming a general ownership, with the right of possession against one making a like claim. It, was held: “That in such case” (italics by the court), *9 “ the bond takes the place of the property to the extent of the interest of defendant in replevin.” In thus italicising the words, “such case,” the implication is, that it is only true where each claims a general ownership.
In the very able opinion of Judge Peek harmonizing this rule, as thus applied, with principle and with the constitutional right of an owner to be protected in his property, it is urged-with great acumen, that this rule does not apply when the plaintiff in replevin claims possession under a special interest against the general owner. It is there said that, in such a case, to this rule that the bond takes the place of the property to the extent of defendant’s interest, should have added to it the words: “not exceeding the title or interest of the plaintiff in replevin,” or other equivalent words.
In other words, when a plaintiff in replevin gets possession, under a claim of a special interest against the general owner, the bond takes the place of the defendant’s interest, to the extent of the interest claimed by the plcdntiff. Apply that rule to this case.
The plaintiff claimed a right to possession under a lien. To the extent of that lien the bond transferred the title, and upon failure to maintain his claim, the bond stood good to the general owner as security for his damages. In that case, if the plaintiff should fail, the defendant’s recovery “ would be limited to the estate or interest claimed by plaintiff;” and a recovery by the plaintiff would present no obstacle to a suit by the defendant on the termination of the bailment to regain the property, if still withheld from him. 10 Ohio St. 472.
This modification of the rule in cases of a special interest is reiterated in Crittenden v. Lingle, 14 Ohio St. 182.
In that case plaintiff, as mortgagee, by giving bond, obtained possession from the constable, who held the same as the property of the mortgagor. After this the sheriff seized and sold the same as the property of the mortgagor to the defendant in the action, from whom it was again replevied by the plaintiff. His title as mortgagee under .which his first replevin was obtained having been shown to be fraudulent and void, he claimed, as is done here, that by giving the bond in *10 the replevin suit he obtained a new title, and that the bond took the place of the property, and that the title so acquired entitled him to the property. The court held that by obtaining possession under his proceedings in replevin, the plaintiff acquired a right to the possession, not as absolute owner, but to all the interest which the constable had acquired by his levy on it as the property of the mortgagor. We think this case, in principle, is like Jennings v. Johnson, sujyra, and that it decides the case at bar, as the plaintiff in that case only acquired by his replevin the special interest of the constable, and not the full ownership of the property, so here he only acquired the special interest claimed in his affidavit. At most the plaintiff was a bailee having a lien. His bond took the place of the property to that extent. Had he recovered in that action, the true owner could have paid the lien and recovered back the property. Lugenbeal, as owner or mortgagee, by taking possession, at most, only divested Lemert of the title he claimed, and by the conversion of the property, subjected himself to damages to the extent of the interest acquired by the action in replevin, and not to the whole value. This would have been the measure of his damages had he recovered in replevin. A fortiori this must be the most he could recover when he loses.
We hold, therefore, that Lemert by his replevin proceedings, only acquired the title he claimed as against Lugenbeal, and that the bond did not operate to create a greater interest.

Judgment of District Court and Common Pleas reversed and cause remanded.